THE STATE OF OHIO, APPELLEE, *v.* HAIRSTON, APPELLANT.

(No 85AP-25—Decided September 10, 1985.)

*Michael Miller,* prosecuting attorney, and *Karen L. Martin,* for appellee.

*James Jura,* county public defender, *Barbara J. Slutsky* and *John W. Keeling,* for appellant.

NORRIS, J.   On appeal from his conviction for aggravated robbery, defendant contests the finding and sentence imposed by the trial court regarding the specification contained in the indictment, which alleged that he had previously been convicted of attempted aggravated robbery in 1976. Defendant raises the following assignments of error in support of his appeal:

"* * *

"3.   The trial court erred by using a previous conviction to enhance the defendant's sentence in the absence of evidence establishing the constitutional validity of the previous conviction.

"* * *"

The jury found defendant guilty of aggravated robbery, in violation of R.C. 2911.01, and made an affirmative finding that defendant had a firearm in his possession while committing that offense. The issue of defendant's alleged prior felony conviction was determined

by the trial court. Based upon an April 1976 judgment entry of conviction, and the testimony of defendant's parole officer, the trial court made an affirmative finding as to the prior conviction specification.

By his third assignment of error, defendant maintains that the trial court's decision on the prior conviction specification was erroneous, as the state failed to establish the constitutional validity of his prior conviction. Because the penalty enhancement specification charged defendant with previously having been convicted of, or having pleaded guilty to, a felony, it became the state's burden to prove that specification beyond a reasonable doubt. See *State* v. *Gordon* (1971), 28 Ohio St. 2d 45 [57 O.O.2d 180]. Defendant's prior conviction for attempted aggravated robbery was entered following a guilty plea, but he points out that the state failed to prove that the guilty plea was entered voluntarily. Therefore, reasons defendant, the state failed to prove the existence of a valid prior conviction, and the conviction entered on the plea could not be used for enhancement purposes. Defendant attempts to draw an analogy to opinions of the United States Supreme Court which hold that uncounseled convictions cannot be used as the basis for penalty enhancement.

Of the opinions relied upon by defendant, in *Baldasar* v. *Illinois* (1980), 446 U.S. 222, the record affirmatively demonstrated that the accused had not been represented by counsel at the time of his prior conviction, and had not waived any right to counsel. And, in *Burgett* v. *Texas* (1967), 389 U.S. 109, the defendant was charged with assault with intent to murder and, in an additional count, pursuant to Texas recidivist statutes, with a prior felony conviction, for purposes of penalty enhancement. Because the record of the prior conviction did not show that the defendant had been represented by counsel, or that he

had waived counsel, the United States Supreme Court held that the record raised a presumption on its face that he was denied his right to counsel, in violation of the Sixth Amendment to the United States Constitution, and that the conviction should therefore have been deemed void for enhancement purposes. Defendant seeks to extend the rationale of these cases to the case before us, arguing that the state had an affirmative duty to demonstrate the voluntariness of his plea.

However, these cases involving uncounseled convictions are not analogous to the circumstances before us. Simply because the record of the prior conviction is silent concerning an explanation of the charge by the trial judge, or a representation by defense counsel that the nature of the offense has been explained to the accused, does not mean one must presume that the plea was involuntary, where, as here, the accused was represented by counsel and there is no evidence from the accused that the plea was involuntary. Instead, under these circumstances, the United States Supreme Court has held that it is appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit. See *Henderson* v. *Morgan* (1976), 426 U.S. 637, at 647. Such a presumption will not be appropriate, of course, where the accused challenges the voluntariness of his plea and introduces credible evidence to support his challenge. In that event, the state will be required to submit evidence that the guilty plea was intelligently and voluntarily made, if any factual determination in the trial court that the plea was voluntary is to be fairly supported by the record. See *Marshall* v. *Lonberger* (1983), 459 U.S. 422.

In this case, the state established that this defendant pleaded guilty to the prior charge while represented by

counsel. Defense counsel objected to the use of that evidence to show the prior conviction for the reason that "there is no record that this guilty plea was knowingly and voluntarily given by Mr. Hairston in compliance to conform [*sic*] with Criminal Rule 11C," citing the *Burgett* and *Baldasar* opinions. No contention was made that the plea was involuntary, and no attempt was made to prove it was involuntary. Under these circumstances, without the benefit of any evidence to the contrary, it was appropriate for the trial court to presume the voluntariness of the plea, and the trial court's factual determination therefore is fairly supported by the record.

Accordingly, the third assignment of error is overruled.

For the reasons set forth above, the assignments of error are overruled, and the judgment of the Court of Common Pleas of Franklin County is affirmed.

*Judgment affirmed.*

MOYER and STERN, JJ., concur.

STERN, J., retired, of the Supreme Court of Ohio, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.