**Columbus v. Carrel**
*[Cite as 7 AOA 390]*

*Case No. 90AP-338*

*Franklin County, (10th)*
*Decided October 25, 1990*

Ronald J. O'Brien, City Attorney, James J. Fais, City Prosecutor, and Thomas K. Lindsey, for Appellee.

Ralph A. Kerns, Kerns & Kerns, for Appellant.

VICTOR, J.

Defendant appeals his conviction entered upon his plea of no contest to the offense of operating his motor vehicle ("OMVI") with a prohibited breath alcohol content in contravention of Columbus City Code Section ("C.C.") 2133.01(b)(1). In sentencing defendant, the trial court concluded that defendant's prior uncounseled conviction for operating his motor vehicle with a prohibited breath alcohol content could be used to enhance the penalty imposed by C.C. 2133.99(a) (2).

Defendant appeals and sets forth the following single assignment of error:

"The trial court erred in using defendant's uncounseled prior conviction to enhance the penalty for this conviction."

Defendant, James J. Carrel, was arrested and charged on November 23, 1989, with operating his motor vehicle with a prohibited breath alcohol content in violation of C.C. 2133.01(b)(2). Defendant's breath alcohol test registered .149 grams per two hundred ten liters of breath.

On the day of trial, defendant entered into a stipulation with the city that his prior conviction in Logan, Ohio, for operating a motor vehicle with a prohibited breath alcohol content in contravention of R.C. 4511.19(A) (1) was uncoun-seled. The prosecutor also stipulated that defendant's uncounseled prior conviction was not to be treated as a prior conviction for purposes of enhancing any sentence imposed for a second offense under C.C. 2133.99(A) (2). Defendant then entered a plea of no contest to the offense alleged in the complaint. Upon review of the facts set forth in the complaint, the trial court found defendant guilty of the "per se" offense. In pronouncing sentence,

however, the trial court stated that defendant's prior conviction, even if uncounseled, remained valid for purposes of sentence enhancement unless and until the prior conviction was judicially determined to be invalid. Having so concluded, the trial court imposed the mandatory ten-day minimum sentence.

Defendant contends on appeal that the trial court erred in considering his prior conviction for OMVI for purposes of sentence enhancement since the parties had stipulated that his prior conviction was uncounseled. It is defendant's position that a prior uncounseled conviction may not constitutionally be used to enhance the penalty for a subsequent conviction. As support for this position, defendant relies upon the decision rendered by the United States Supreme Court in *Baldasar v. Illinois* (1980), 446 U.S. 222, and that of the Ohio Supreme Court rendered in *State v. Brandon* (1989), 45 Ohio St. 3d 85.

In *Baldasar,* the United States Supreme Court concluded that a prior uncounseled conviction which was constitutionally valid could nevertheless not be used subsequently to change either the degree or the nature of the offense in a subsequent proceeding. The United States Supreme Court premised this conclusion upon the Sixth Amendment guarantee of counsel for any offense where conviction results in actual incarceration. The Supreme Court of Ohio in *Brandon* concluded that it is the accused in the subsequent proceeding who bears the burden of demonstrating the constitutional infirmity of the prior uncounseled conviction. Absent evidence to the contrary, a court must presume that a prior conviction was not constitutionally defective for purposes of enhancing the penalty associated with the subsequent offense.

Initially, this court is compelled to note that, to the extent defendant's prior conviction for OMVI was uncounseled, that conviction was not constitutionally valid. Unlike the circumstance present in *Baldasar, supra,* it is apparent on the face of the record before this court that defendant's prior conviction resulted in a three-day minimum term of incarceration. As such, any conviction obtained in violation of the Sixth Amendment may not be used subsequently to enhance the penalty associated with a subsequent offense. *Burgett v. Texas* (1967), 389 U.S. 109. Accordingly, the attempt by Columbus to distinguish *Baldasar* on constitutional grounds is unavailing under the facts of this case.

Moreover, in light of the holding rendered in *Brandon, supra,* it is quite clear that once defendant met his burden of demonstrating a prior uncounseled conviction, the trial court simply could not use the prior conviction for the purposes of enhancing the penalty associated with the subsequent offense. As the court stated at page 87:

"Clearly, if it is established that *** [appellant's] prior convictions were uncounseled, then it would have been inappropriate for the trial court to use these convictions for the purpose of enhancement of sentence. The question then becomes whether *** [appellant] raised the issue of lack of counsel in an appropriate manner."

*Brandon* only requires a criminal defendant to put into the record testimony that his prior conviction was uncounseled.

Here, the parties stipulated that defendant's prior conviction was uncounseled. Therefore, defendant has met his burden required by *Brandon* to demonstrate the constitutional infirmity of his prior conviction. Accordingly, the trial court erred in concluding that defendant was additionally required to establish that his prior conviction had been judicially set aside as invalid. There is no such requirement under *Brandon* and this court will impose no additional requirement.

On appeal, Columbus also argues that there is evidence in the record that defendant waived his right to counsel at the prior proceeding. However, the state may not now raise this waiver issue in light of its stipulation that defendant's prior conviction was uncounseled and that such a conviction could not be used for purposes of enhancing the penalty imposed for a subsequent offense. The essence of the stipulation entered into by Columbus rendered defendant's prior conviction unconstitutional, a fact which the city may not avoid on appeal. Cf. *State v. Adams* (1988), 37 Ohio St. 3d 295.

Based on the foregoing, defendant's sole assignment of error is sustained. The judgment of the municipal court is reversed and this matter is remanded to that court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

WHITESIDE and McCORMAC, J.J., concur.

VICTOR, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.