**The STATE of Ohio**

v.

**SCHUPP.**

Court of Common Pleas of Ohio,
Licking County.

No. 98CR337.

Decided Jan. 6, 1999.

*Kenneth Oswalt,* Assistant Prosecuting Attorney, for the state.

*Kristin Burkett,* for defendant.

JOHN R. SPAHR, Judge.

This matter came before the court pursuant to a motion on behalf of the defendant and oral arguments presented on December 16, 1998 regarding the issue of whether a prior OMVI conviction in the Franklin County Municipal Court in case No. 95 15804 is constitutionally infirm because the defendant did not knowingly, intelligently, and voluntarily waive his right to be represented by counsel at the time the defendant pleaded guilty to the OMVI charge. For the following reasons, this court finds the defendant did not knowingly, intelligently, and voluntarily waive his right to counsel in case No. 95 15804, and therefore the conviction in that case may not be used to elevate the charges *sub judice.*

The Ohio Supreme Court has addressed the issue of whether a prior conviction may be used to enhance a later charge when the prior conviction was secured without the defendant being represented by counsel. In *State v. Brandon* (1989), 45 Ohio St.3d 85, 543 N.E.2d 501, the court stated that "a

criminal defendant may not be sentenced to a period of incarceration unless the defendant is represented by counsel *or the defendant knowingly waives his right to counsel.*" (Emphasis added.) *Brandon, supra,* at 87, 543 N.E.2d at 503; see, also, *Scott v. Illinois* (1979), 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383; *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530; *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. However, the court further explained:

"This is not to say counsel is required in all instances. Indeed, in *Scott, supra,* the court essentially held that uncounseled misdemeanor convictions are constitutionally valid if the offender is not actually incarcerated. However, even though this type of uncounseled conviction may be constitutionally valid, the Supreme Court has specifically stated that such a conviction may not be used to enhance a sentence in any subsequent conviction." *Id.* at 86–87, 543 N.E.2d at 503, citing *Baldasar v. Illinois* (1980), 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169.

██ When challenging the use of a prior conviction, a defendant must interpose an objection regarding the use of the conviction and then provide sufficient evidence to demonstrate a constitutional infirmity. *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361. When considering the proceedings from a prior conviction, the Ohio Supreme Court in *Brandon* held:

"Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity." *Brandon, supra,* at syllabus.

██ The court also indicated that the establishment of a prima facie case is not difficult, and may be satisfied by the defendant's testimony indicating he was uncounseled during the prior conviction. *Id.,* 45 Ohio St.3d at 87–88, 543 N.E.2d at 504. Such testimony is sufficient to shift the burden onto the state to prove the defendant was counseled. *Id.* Finally, when reviewing a prior conviction, courts are required to presume a set of facts which validates, as opposed to invalidates, the prior judgment. *Brandon, supra,* at 87, 543 N.E.2d at 503–504.

Also relevant to the instant matter is *State v. Hutcheson* (Dec. 24, 1998), Trumbull App. No. 97–T–0211, unreported, 1998 WL 964567. In *Hutcheson,* the defendant appealed the trial court's denial of the defendant's pretrial motion to withdraw her plea of guilty. The defendant in *Hutcheson* argued that "she had not knowingly or voluntarily entered her plea or waived the corresponding constitutional rights." *Id.* at 3. The appellate court determined that the trial court abused its discretion in not allowing the defendant to withdraw her guilty plea because the record failed to indicate that the trial court conducted a

meaningful dialogue with the defendant regarding her constitutional rights, including the right to counsel, and because the record failed to indicate that the defendant gave a valid waiver of her right to counsel. The appellate court reached its decision not by what was contained in the record, but rather by what was missing: the record itself. In *Hutcheson*, the trial court did not record the plea proceeding, which, according to the court of appeals, was reason enough to allow the defendant to withdraw the guilty plea because there was nothing to indicate that the defendant had knowingly waived her right to counsel.

In this case, the defendant argues that the prior conviction in case No. 95 15804 is constitutionally infirm because (1) the defendant was not represented by counsel, and (2) the defendant did not knowingly, intelligently, and voluntarily waive his right to counsel. Conversely, the state contends that the defendant was not required to be represented by counsel at the time of entering a guilty plea to the prior charge. Further, the state indicates that the plea form completed by the judge in case No. 95 15804 indicates that the defendant's rights pursuant to Crim.R. 11 and 44 were explained prior to the imposition of defendant's sentence. While the form does indicate that the defendant was advised of his rights, including presumably the right to counsel, no record of the proceeding was made verifying that the defendant knowingly, intelligently, and voluntarily waived his right to counsel. Further, at the December 16, 1998 hearing, the defendant testified that although an appearance by the public defender's office is entered in the court file, he was not represented by counsel at the plea proceeding and was not advised of his constitutional rights. The lack of a record and the defendant's testimony demonstrate a constitutional infirmity. Therefore, any use of the prior conviction for enhancement of the current charge is impermissible.

The defendant's motion is granted. Counsel for defendant shall prepare a judgment entry accordingly, present it to opposing counsel for approval, and submit it to the court within five days.

*Motion granted.*