**The STATE of Ohio, Appellant,**

v.

**CULBERSON, Appellee.**

[Cite as *State v. Culberson* (2001), 142 Ohio App.3d 656.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 00 CO 39.

Decided May 15, 2001.

*Robert Herron,* Columbiana County Prosecuting Attorney, and *Douglas A. King,* Assistant Prosecuting Attorney, for appellant.

*Aronson, Fineman & Davis Co., L.P.A.,* and *William W. Taylor,* for appellee.

WAITE, Judge.

This timely appeal arises out of a decision of the Columbiana County Court of Common Pleas granting the motion of Allen D. Culberson ("appellee") to suppress evidence of three prior convictions for driving under the influence because the convictions were constitutionally infirm. Appellant argues that the appellee did not present a prima facie case of constitutional infirmity because he did not produce the transcripts from the previous criminal proceedings. The constitutional errors relied upon by appellee in his motion to suppress have not been recognized by the United States Supreme Court or the Ohio Supreme Court as reasons to allow a defendant to collaterally attack a previous penalty-enhancing conviction during an ongoing criminal prosecution. Therefore, the judgment of the trial court must be reversed.

On April 13, 1999, officers of the Salineville Police Department stopped appellee after he drove his vehicle through a red light. The officers noticed a strong odor of alcohol and saw several beer bottles on the passenger seat. Appellant failed the field sobriety tests and later refused to take a breath-alcohol test.

On May 25, 1999, appellee was indicted by a Columbiana County Grand Jury for driving while intoxicated in violation of R.C. 4511.19(A)(1). The indictment stated that appellee had previously been convicted of driving while intoxicated three times within the past six years, elevating his offense to a fourth-degree felony. Two of the prior convictions were in Canton Municipal Court and one was in Carroll County Court.

Appellee was appointed counsel and proceeded to enter a guilty plea to the single count in the indictment. Soon after he entered the guilty plea, appellee retained the services of new counsel. On February 16, 2000, appellee filed a Crim.R. 32.1 motion to withdraw his guilty plea. The basis of the motion was that appellee's previous attorney did not attempt to suppress the use of the three prior convictions because those convictions were constitutionally infirm. Appellee's motion was granted on March 10, 2000.

On April 7, 2000, appellee filed a motion to suppress the three prior convictions. Appellee argued that, even though he was represented by counsel in all three cases, he was not fully apprised of his constitutional rights when he entered into the plea agreements in each case.

On June 6, 2000, after a hearing, the trial court granted appellee's motion and suppressed the three prior convictions, finding them constitutionally infirm. The judgment entry acknowledged that appellee was represented by counsel in all three cases. In fact, the attorneys from those prior cases testified at the motion hearing. The judgment entry stated that it was following this court's ruling in *State v. Moore* (1996), 111 Ohio App.3d 833, 677 N.E.2d 408, in deciding to grant appellee's motion. In *Moore*, this court reversed a conviction due to a deficient Crim.R. 11 colloquy at the plea hearing. *Id.* at 838, 677 N.E.2d at 412.

On June 9, 2000, the prosecutor, pursuant to App.R. 4(B)(4), filed an appeal of the June 6, 2000 decision. The prosecutor also filed the required Crim.R. 12(J) certification that the appeal was being filed because the trial court decision had destroyed any reasonable possibility of effective prosecution.

Appellant's single assignment of error asserts:

"The trial court erred in failing to presume regularity of the lower court proceedings in the absence of a transcript from those lower court proceedings."

Appellant concedes that a criminal defendant can challenge the use of a prior conviction to enhance a pending prosecution on the basis that the prior conviction

was constitutionally infirm. Appellant argues that the burden of proof is on the defendant to lodge a timely objection to the use of prior-conviction evidence and to make a prima facie showing of constitutional infirmity, citing *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361.

Appellant contends that there were no transcripts of the prior trials submitted in support of appellee's motion to suppress. Appellant argues that, without those transcripts, appellee could not satisfy his burden of making a prima facie showing of infirmity. Appellant urges that, in the absence of a transcript, a reviewing court must presume the regularity of the prior proceedings, including the regularity of the prior plea hearings, citing *State v. Hairston* (1985), 27 Ohio App.3d 125, 27 OBR 156, 499 N.E.2d 1268, and *State v. Summers* (1981), 3 Ohio App.3d 234, 3 OBR 265, 444 N.E.2d 1041, in support. Appellant also cites this court's decision in *State v. Moore,* 111 Ohio App.3d 833, 677 N.E.2d 408, which reversed a conviction because of the inadequacy of the Crim.R. 11(D) plea colloquy, in support of its contention that a transcript must be available to review such an error.

Appellee argues that all that is required of a criminal defendant to establish a prima facie case of constitutional infirmity is to have the defendant testify that his prior convictions were not knowingly, voluntarily, and intelligently made. Appellee cites *State v. Brandon,* which stated that "[defendant's] burden in this regard was hardly difficult. Had [defendant's] counsel simply asked [defendant] during testimony whether his prior offenses were counseled, a negative response would have established a prima-facie case showing constitutional infirmity." *State v. Brandon* (1989), 45 Ohio St.3d 85, 88, 543 N.E.2d 501. Appellee does not make any distinction between uncounseled convictions (which was the issue in *Brandon*) and the particular infirmity that he is alleging, namely, an invalid waiver of constitutional rights pursuant to a Crim.R. 11 plea hearing. Appellee argues that he testified at the suppression hearing that his former pleas were not knowingly, voluntarily, and intelligently made in the prior cases, and that this testimony should have satisfied the *Brandon* requirement. Appellee argues that appellant presented no evidence in rebuttal and that the trial court was therefore correct in granting his motion to suppress.

Appellee also argues that if there were a requirement that a transcript be produced, a criminal defendant would have an almost insurmountable obstacle in attempting to prove the constitutional infirmity. Appellee argues that records are often destroyed shortly after trial, either pursuant to Sup.R. 26(F) or through negligence. Appellee submits that a defendant should not be penalized in a pending case because court records were destroyed in a prior criminal case.

Appellee further contends that App.R. 9(C) provides for an alternative to using a transcript when no transcript is available. Appellee argues that there can be

no justification for a rule that requires a transcript when the Appellate Rules themselves allow for an agreed statement of the record in place of a transcript.

█ This court has stated on many occasions that the standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. *State v. Sharpe* (June 30, 2000), Harrison App. No. 99 CA 510, unreported, 2000 WL 875342; *State v. Lloyd* (1998), 126 Ohio App.3d 95, 100, 709 N.E.2d 913. We must accept the trial court's factual findings and its assessment of the credibility of witnesses. *Sharpe, supra,* at *2. Once this court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1143–1144.

█ Appellant's argument that the trial court could not rule in appellee's favor without a transcript of the prior proceeding is unpersuasive. Appellee correctly cites *Brandon, supra,* which held that a defendant's own testimony with respect to a constitutional infirmity was an acceptable and sufficient form of evidence to provide a prima facie case. 45 Ohio St.3d at 88, 543 N.E.2d at 504. Therefore, if appellee or some other witness testified that a recognized constitutional infirmity occurred in the prior convictions, the burden then shifted to appellant to produce rebuttal evidence.

The difficulty with appellee's argument is that, to date, only one constitutional infirmity (with regard to a collateral attack on a conviction which has been used to enhance a criminal penalty) has been recognized by the Ohio or the United States Supreme Courts. That infirmity consists of a conviction obtained without the assistance of counsel, or its corollary, an invalid waiver of the right to counsel. *Brandon,* 45 Ohio St.3d at 86, 543 N.E.2d at 502–503; *Baldasar v. Illinois* (1980), 446 U.S. 222, 226, 100 S.Ct. 1585, 1587, 64 L.Ed.2d 169, 173–174; *Nichols v. United States* (1994), 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745; *Custis v. United States* (1994), 511 U.S. 485, 496, 114 S.Ct. 1732, 1738–1739, 128 L.Ed.2d 517, 528.

Ohio case law is replete with examples of criminal defendants who have challenged, often successfully, a prior penalty-enhancing conviction on the basis that the prior conviction was constitutionally infirm because it was uncounseled. *State v. Hopkins* (Mar. 1, 2000), Lorain App. No. 98 CA 7159, unreported, 2000 WL 235539; *State v. Schupp* (1999), 100 Ohio Misc.2d 13, 716 N.E.2d 1236; *State v. Cox* (Oct. 29, 1999), Greene App. No. 99 CA 28, unreported, 1999 WL 980345; *State v. Perkins* (June 22, 1998), Madison App. No. CA97–10–047, unreported,

1998 WL 330898; *State v. Ocepek* (Apr. 15, 1998), Summit App. No 18542, unreported, 1998 WL 178540; *State v. Conley* (Nov. 4, 1997), Scioto App. No. 97CA2481, unreported, 1997 WL 703395; *State v. Carrion* (1992), 84 Ohio App.3d 27, 616 N.E.2d 261; *Columbus v. Carrel* (1990), 70 Ohio App.3d 80, 590 N.E.2d 409; *State v. Brandon*, 45 Ohio St.3d 85, 543 N.E.2d 501; *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361; *State v. Daniels* (1988), 61 Ohio App.3d 17, 572 N.E.2d 129; *State v. Maynard* (1987), 38 Ohio App.3d 50, 526 N.E.2d 316; *State v. Elling* (1983), 11 Ohio Misc.2d 13, 11 OBR 108, 463 N.E.2d 668.

The only seeming exception to this list is found in *State v. Hairston*, 27 Ohio App.3d 125, 27 OBR 156, 499 N.E.2d 1268. The defendant in *Hairston* was charged with aggravated robbery with a specification that he had previously been convicted of aggravated attempted robbery. *Hairston* involved a situation similar to the case at bar in that the defendant was represented by counsel during the prior proceeding but claimed that there was no evidence that his prior plea was knowingly and voluntarily entered into. *Id.* at 126–127, 27 OBR at 156–157, 499 N.E.2d at 1269–1270.

The defendant in *Hairston* attempted to analogize his situation to those cases involving uncounseled prior convictions, citing *Baldasar*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, and *Burgett v. Texas* (1967), 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. The court rejected this argument and held that there was a presumption that a criminal defendant's counsel has explained "the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Hairston* at 126, 27 OBR at 157, 499 N.E.2d at 1270. The defendant in *Hairston* failed to provide any evidence at all to rebut this presumption. The court stated in dicta that the state would have been required to submit evidence of the voluntariness of the plea in the prior conviction if the defendant had presented sufficient evidence to support his claim. *Id.*

In a case subsequent to *Hairston*, the United States Supreme Court has held, in reference to federal sentencing statutes, that a criminal defendant may collaterally challenge the constitutional validity of a prior conviction *only* on the ground that he or she was denied the fundamental right to be represented by counsel in the prior proceeding in violation of *Gideon v. Wainwright* (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. *Custis*, 511 U.S. at 496, 114 S.Ct. at 1738–1739, 128 L.Ed.2d at 528. The Supreme Court reasoned that the failure to appoint counsel was a unique constitutional defect. *Id.* at 494, 114 S.Ct. at 1737–1738, 128 L.Ed.2d at 526–527. The Supreme Court held that other defects, such as denial of effective assistance of counsel and lack of a knowing, intelligent, and voluntary plea, do not rise to the level of failure to appoint counsel. *Id.*

*Custis* reasoned that collateral attacks on previous convictions should be limited to alleged uncounseled prior convictions because (1) there are administrative difficulties in having to rummage through frequently nonexistent or difficult-to-obtain state court files from another era and from far-flung jurisdictions, and (2) there is an interest in promoting finality of judgments. *Id.* at 496–497, 114 S.Ct. at 1738–1739, 128 L.Ed.2d at 528–529. The Supreme Court was particularly concerned about the finality of judgments where a defendant was attempting to challenge a prior state-court conviction in a proceeding that has an independent purpose other than to overturn the prior judgment. *Id.* at 497, 114 S.Ct. at 1739, 128 L.Ed.2d at 528–529. "These principles bear extra weight in cases in which the prior convictions, such as the one challenged by Custis, are based on guilty pleas, because when a guilty plea is at issue, 'the concern with finality served by the limitation on collateral attack has special force.'" *Id.*, citing *United States v. Timmreck* (1979), 441 U.S. 780, 784, 99 S.Ct. 2085, 2087–2088, 60 L.Ed.2d 634, 638–639.

At least two states have applied the *Custis* limitation to state criminal proceedings in which evidence of prior convictions is required to enhance the degree of a crime. *Garcia v. Superior Court* (1997), 14 Cal.4th 953, 956, 59 Cal.Rptr.2d 858, 859, 928 P.2d 572, 573–574; *Kansas v. Delacruz* (1995), 258 Kan. 129, 138–140, 899 P.2d 1042, 1049. The Kansas Supreme Court held that "allowing a collateral attack on prior convictions on the basis of inadequate plea colloquies would force the sentencing court to look behind every conviction with practically no record to rely on." *Id.* at 139, 899 P.2d at 1049.

The Colorado Supreme Court, while approving of but not specifically applying *Custis* to state court proceedings, limited a defendant's ability to collaterally attack a prior conviction in an unrelated proceeding by applying the three-year limitations period in Colorado's postconviction relief statute. *People v. Vigil* (Colo.App.1997), 955 P.2d 589, 592.

Ohio's revised postconviction relief statute, effective September 21, 1995, added a one-hundred-eighty-day statute of limitations for filing a postconviction relief petition for persons convicted after the effective date of the statute and added an absolute one-year cut-off date for those persons convicted prior to the effective date of the statute. R.C. 2953.21(A)(2); 1995 Am.Sub.S.B. No. 4, Section 3, eff. September 21, 1995, 146 Ohio Laws, Part IV, 7815, 7826. Thus, allowing appellee to challenge his prior convictions in a collateral proceeding would in some respects be an attempt to circumvent the limitations period of R.C. 2953.21.

We agree with *Custis* that when a criminal defendant is collaterally challenging a prior penalty-enhancing conviction on the basis of constitutional

infirmity, the only recognized constitutional infirmity is that he or she was denied the fundamental right to be represented by counsel, or the necessary corollary, an invalid waiver of the right to counsel.

Appellee concedes that he was represented by counsel in each of the three prior convictions at issue. The June 6, 2000 judgment entry also acknowledges that not only was appellee represented by counsel in those prior proceedings, but that those same attorneys testified at appellee's May 31, 2000 suppression hearing as to the alleged constitutional deficiencies in the prior proceedings. The record is unequivocally clear that appellee did have counsel in all three prior convictions. Therefore, the granting of the motion to suppress on the basis of constitutional infirmity was in error because appellee did not allege or provide any evidence to support an allegation that he made his prior pleas without the assistance of counsel.

Although we have rejected appellant's reasoning that a criminal defendant must provide a transcript of a prior proceeding in order to prove a constitutional infirmity in a latter collateral proceeding, we agree with appellant that appellee failed to present a prima facie case of constitutional infirmity by failing to allege that the prior convictions were uncounseled and by having his prior attorneys testify at the suppression hearing. For all the foregoing reasons, we find merit in appellant's assignment of error. We reverse the June 6, 2000 judgment entry and remand this cause for further proceedings according to law and consistent with this court's opinion.

*Judgment reversed*
*and cause remanded.*

VUKOVICH, P.J., and GENE DONOFRIO, J., concur.