[Cite as *State v. Billiter*, 2012-Ohio-4551.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 MO 5 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| DANIEL BILLITER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the County Court
of Monroe County, Ohio
Case No. 09 TRC 55

JUDGMENT:     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Thomas A. Hampton
Assistant Prosecuting Attorney
P.O. Box 480
101 Courthouse
Woodsfield, Ohio  43793

For Defendant-Appellant:     Atty. Douglas A. King
Hartford, Dickey & King Co., LPA
91 West Taggart Street
P.O. Box 85
East Palestine, Ohio  44113

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  September 24, 2012

WAITE, P.J.

**{¶1}**   Appellant Daniel Billiter ("Appellant") appeals the judgment of the Monroe County Court convicting and sentencing him for operating a motor vehicle while under the influence of alcohol ("OMVI").   Appellant assigns as error:  (1) the trial court's finding that Deputy Chappell had probable cause to arrest him; and (2) the trial court's finding that there was no violation of Appellant's *Miranda* rights.   The prosecutor has effectively argued that Deputy Chappell did have probable cause to arrest Appellant.   In addition to the observation of Appellant's glassy eyes, slurred speech, odor of alcohol, and failure to stop at a stop sign, Deputy Chappell noticed Appellant earlier in the evening showing signs of intoxication and admitting that he was intoxicated.   Regarding the *Miranda* issue, the record indicates that Appellant waived his *Miranda* rights.   For these reasons, the judgment of the trial court is affirmed.

Statement of Facts

**{¶2}**   On the evening of October 5, 2009, Monroe County Sheriff Deputy Robert Chappell was dispatched to investigate a disturbance at the Chevron Par-Mar convenience store in Hannibal, Ohio.   It was reported to Deputy Chappell that Appellant was intoxicated and threatened to blow up a building across the Ohio River in West Virginia.  (Tr., pp. 6-7.)

**{¶3}**   Deputy Chappell drove from the convenience store to Appellant's home in Sardis, Ohio.   While he and the deputy discussed Appellant's conduct at the convenience store, he noticed signs that Appellant had been drinking, which included slurred speech and a very strong odor of alcohol.  (Tr., pp. 9-10.)   Appellant told

Deputy Chappell that the convenience store had refused to sell him alcohol because he was too intoxicated, so he got angry and left to go purchase beer elsewhere. Deputy Chappell advised Appellant to stay out of the convenience store while the matter was under investigation. Appellant then told Deputy Chappell that he was not going to leave his home because he had been drinking. (Tr., p. 9.)

{¶4} Approximately three hours later, at 11:43 p.m., Deputy Chappell was sitting in his cruiser in Sardis two blocks from Appellant's home when he observed a pickup truck proceeding through an intersection without stopping at the stop sign. (Tr., p. 12.) He recognized the driver as Appellant. Deputy Chappell activated his lights and followed Appellant's vehicle, but Appellant failed to stop. Deputy Chappell then turned on his siren, and Appellant pulled over about two blocks from the intersection where he had disregarded the stop sign. (Tr., p. 15.)

{¶5} When Deputy Chappell approached the truck, Appellant had his window slightly rolled down. (Tr., p. 16.) The deputy told Appellant that he pulled him over for running a stop sign. Appellant asked him to just give him his ticket so he could leave. Deputy Chappell requested that he roll his window down further and hand over his license, registration, and proof of insurance. After fumbling for the papers, Appellant produced his license and registration. Even though Appellant had not rolled the driver's side window down any further, Deputy Chappell noticed Appellant had a strong odor of alcohol, glassy eyes, and slurred speech. Deputy Chappell again requested that Appellant roll his window down, turn off his motor, and step out of the vehicle, but Appellant refused. (Tr., p. 17. )

**{¶6}** Deputy Chappell called for backup from his own department and from the state highway patrol. (Tr., pp. 17-18.) Approximately thirty minutes later, another deputy arrived. Around that same time, a friend of Appellant's walked by and tried to persuade him to turn off his motor and get out of the truck. He refused to get out of the vehicle, but eventually rolled his window down further. Deputy Chappell then reached inside the truck to unlock the door, removed Appellant and arrested him for resisting arrest and OMVI. (Tr., p. 19.) Deputy Chappell read Appellant the *Miranda* rights warning and transported him to Woodsfield, Ohio, eighteen miles away. (Tr., pp. 19-26.) Appellant made no incriminating statements during the drive to the police station. (Tr., p. 35.)

**{¶7}** At the Woodsfield Police Department, at 2:20 a.m., Deputy Chappell again read Appellant his *Miranda* warnings. Appellant verbally waived his *Miranda* rights but refused to sign the waiver form. Appellant was given a breath test using a BAC Datamaster, with a result of .228. (Tr., p. 32.) Appellant did not ask for an attorney and admitted to consuming alcohol. (Tr., pp. 34, 37.)

<u>Procedural History</u>

**{¶8}** On October 5, 2009, Appellant was charged with OMVI in Sardis, Ohio. Appellant filed a variety of pretrial motions including a motion to dismiss, motions to disqualify the judge and the prosecutor, and a motion to suppress evidence. All of Appellant's pretrial motions were denied. Appellant then entered a plea of no contest on June 18, 2010, to one count of first offense OMVI. Appellant was sentenced to twenty days in jail, with six days served and fourteen suspended; a fine of $675, with $300 suspended; a one-year license suspension; and two years of supervised

probation, with an express term forbidding Appellant to enter any bar or to consume alcohol. Appellant filed a timely appeal. Appellant's attorney has filed two assignments of error challenging the trial court's denial of the motion to suppress. Appellant has also filed three additional pro se assignments of error.

## Standard of Review

**{¶9}** The standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. *State v. Culberson*, 142 Ohio App.3d 656, 660, 756 N.E.2d 734 (7th Dist.2001); *State v. Lloyd*, 126 Ohio App.3d 95, 100, 709 N.E.2d 913 (7th Dist.1998). Such a standard of review is appropriate because " '[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.' " *State v. Hopfer*, 112 Ohio App.3d 521, 548, 679 N.E.2d 321 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653, 645 N.E.2d 831 (4th Dist.1994). If there is competent and credible evidence supporting the trial court's findings, the reviewing court must independently determine, as a matter of law and without deference to the trial court's legal conclusions, whether the trial court met the applicable legal standards. *Culberson* at 660; *Lloyd* at 100-101.

## ASSIGNMENT OF ERROR NO.1

THE TRIAL COURT ERRED IN FINDING PROBABLE CAUSE FOR THE ARREST OF DEFENDANT/APPELLANT FOR AN OVI OFFENSE.

{¶10} Appellant argues that Deputy Chappell had no probable cause for arrest. We disagree. Based on the facts surrounding the arrest, it can readily be determined from this record that Deputy Chappell had probable cause to believe that Appellant was engaged in criminal activity. An officer must have probable cause that an individual has committed a crime in order to make an arrest. *State v. Timson*, 38 Ohio St.2d 122, 311 N.E.2d 16 (1974). Probable cause exists when there is "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." *Huber v. O'Neill*, 66 Ohio St.2d 28, 30, 419 N.E.2d 10 (1981). Moreover, in *State v. Campbell*, 115 Ohio App.3d 319, 685 N.E.2d 308 (7th Dist.1996), we held that during a justified initial stop and detention, an officer may place an individual under arrest if the officer develops probable cause to believe a suspect is driving under the influence of alcohol in violation of R.C. 4511.19. *Id.* at 328. To determine whether an officer had probable cause to arrest an individual for violating R.C. 4511.19(A), the court must review, "whether, at the moment of the arrest, the officer had knowledge from a reasonable trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving under the influence of alcohol." *State v. Medcalf*, 111 Ohio App.3d 142, 147, 685 N.E.2d 308 (4th Dist.1996).

{¶11} We have agreed with other courts that there is no probable cause to arrest for OMVI when "the *only* basis for arresting the defendant was the *appearance* of being intoxicated," such as an odor of alcohol or glassy eyes. (Emphasis sic.) *State v. Blake*, 7th Dist. No. 01 CO 44, 2002-Ohio-5221, ¶38. Nevertheless, there

are a variety of factors in addition to an odor of alcohol or glassy eyes that may be used to support probable cause to arrest for OMVI, as noted in the following cases: *Cincinnati v. Bryant*, 1st Dist. No. C-090546, 2010-Ohio-4474 (evidence of backing out of one-way street, moderate odor of alcohol on person, slightly slurred speech, watery and glazed eyes, apparent confusion and clumsiness, and admission of alcohol consumption provided probable cause to attest); *Cincinnati v. Sims*, 1st Dist. Nos. C-010178 and C-010179, 2001 WL 1295341 (Oct. 26, 1991) (evidence of failure to stop at stop sign, strong odor of alcohol about person, admission of alcohol consumption, and watery and bloodshot eyes provided probable cause to arrest); *State v. Molk*, 11th Dist. No. 2001-L-146, 2002-Ohio-6926 (erratic driving, along with abusive, belligerent and uncooperative behavior toward the arresting police officer, are factors that support probable cause to arrest for OMVI).

**{¶12}** In *State v. Homan*, 89 Ohio St.3d 421, 732 N.E.2d 952 (2000), the Supreme Court of Ohio held that the totality of facts and circumstances surrounding an arrest may be used to support probable cause to make an arrest for OMVI. In *Homan*, the Supreme Court held that the arrest of the defendant was valid because of the totality of following factors: erratic driving, the driver's "red and glassy" eyes, the smell of alcohol on the driver's breath, and the driver's admission that she had been consuming alcoholic beverages. *Id.*

**{¶13}** Based on the ruling in *Homan* and the other aforementioned cases, Deputy Chappell had probable cause to arrest Appellant for violating R.C. 4511.19(A) as it pertains to this set of facts and circumstances. Just hours before the arrest took place, Deputy Chappell was called to investigate a scene where Appellant was

intoxicated and making threats to blow up a building. Deputy Chappell spoke with convenience store clerks who would not sell Appellant beer because he had already been drinking in excess. Deputy Chappell then traveled to Appellant's home, where Appellant admitted to drinking and appeared to be intoxicated.

{¶14} Following this encounter, just before midnight, Deputy Chappell observed Appellant driving erratically by failing to stop at a stop sign. During the traffic stop, Deputy Chappell noticed a strong smell of alcohol. Appellant had difficulty producing his license and registration, and refused to comply with Deputy Chappell's simple orders to roll down his window and put his car in park. Appellant's continued refusal to cooperate was so pervasive that backup had to be called in.

{¶15} The facts and circumstances surrounding Deputy Chappell's encounter with Appellant on the night of his arrest amply support the conclusion that he had probable cause to arrest Appellant for OMVI. Thus, the trial court's ruling that there was probable cause for arrest was correct and Appellant's first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING DEFENDANT/APPELLANT'S MOTION TO SUPPRESS HIS STATEMENTS.

{¶16} A defendant's waiver of his *Miranda* rights must be given voluntarily, knowingly, and intelligently. *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S.Ct. 515 (1986). An explicit waiver in writing is not required, if the defendant's conduct

indicates waiver. *North Carolina v. Butler*, 441 U.S. 369, 373, 375-376, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *State v. Black*, 48 Ohio St.2d 262, 269, 358 N.E.2d 551 (1976). A suspect's waiver of Fifth Amendment privileges is deemed voluntary absent evidence that his " 'will [was] overborne and his capacity for self-determination was critically impaired' because of coercive police conduct." *Colorado v. Spring*, 479 U.S. 564, 574, 107 S.Ct. 851, 93 L.Ed.2d 954 (1986).

{¶17} The record reveals that Appellant received *Miranda* warnings twice. Nothing in the record indicates coercive police conduct while Appellant was being questioned. Appellant verbally waived his rights after the second reading of his *Miranda* warnings, and thereafter admitted to drinking. (Tr., p. 32.) At the suppression hearing, Appellant focused solely on his description of the intersection where the stop sign violation occurred, and denied that he had failed to stop at the stop sign. At no time did he dispute Deputy Chappell's testimony that he had waived his rights after receiving his second *Miranda* warning and subsequently made admissions to the deputy. The record reflects that there is no reason why Appellant's statement that he had been drinking should be suppressed, and his second assignment of error is overruled.

PRO SE ASSIGNMENTS OF ERROR

{¶18} The following pro se assignments of error are filed pursuant to the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

## *ANDERS* ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED DEFENDANT/APPELLANT'S MOTION TO DISMISS BASED ON SELECTIVE PROSECUTION OR ALTERNATIVELY MOTION TO DISQUALIFY PROSECUTORS AND WHEN THE TRIAL COURT DENIED DEFENDANT/APPELLANT'S MOTION TO DISQUALIFY JUDGE.

**{¶19}** No error occurred when the trial court refused to dismiss the citation on the grounds of selective prosecution and refused to disqualify the judge and the prosecutor. Appellant claims that the judge had "preconceived facts and opinions" about him, but the court refused to excuse the judge and prosecutor from this case. (Appellee's Brf., p. 9.) An appellate court has no authority to disqualify a county court judge on grounds of bias, as this issue lies solely in the hands of the court of common pleas. *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-7326, 783 N.E.2d 991, ¶18 (9th Dist.); R.C. 2701.031(C). If Appellant sought recusal, his proper means of so doing was by filing with the court of common pleas.

## *ANDERS* ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY NOT SUPPRESSING DEFENDANT/APPELLANT'S BAC TEST RESULTS AS TIMING OF ITS COLLECTION WAS IMPROPER.

**{¶20}** Pursuant to R.C. 4511.192(A), the arresting officer in an OMVI case must read to the defendant the advice contained in R.C 4511.192(B) within two hours

of the alleged violation. Also, a breath test must be performed within three hours of the alleged violation. R.C. 4511.19(D)(1)(b).

{¶21} No error occurred when the trial court refused to suppress the result of the breath test due to an asserted failure to administer the test in a timely manner. The traffic stop occurred at 11:43 p.m. Less than two hours later, Deputy Chappell read Appellant the required warnings set forth in BMV form 2255. (Tr., p. 29.) The breath test was administered at 2:29 a.m., less than three hours after Deputy Chappell observed Appellant running the stop sign at the intersection. (Tr., pp. 5, 29.) Therefore, Deputy Chappell complied with R.C. 4511.19(B)(1), and no error occurred.

<em>ANDERS</em> ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED BY DENYING DEFENDANT/APPELLANT'S REQUEST FOR A JURY VIEW.

{¶22} The standard of review of whether a jury view is appropriate is abuse of discretion. R.C. 2945.16; *State v. Zuern*, 32 Ohio St.3d 56, 58, 512 N.E.2d 585 (1987).

{¶23} Appellant was seeking an order to have the jury view the intersection where the traffic violation occurred. The trial court did not err when it denied Appellant's request for a jury view. The view that Appellant sought would not assist the jury on the issues of whether Appellant drove while under the influence of alcohol or with a prohibited level of alcohol in his blood. The trial court concluded that photographs and videos of the intersection would suffice, and declined to transport

the jury thirty miles from the courthouse to view the stop sign and the surrounding area. This decision was within the trial court's discretion and did not constitute error.

## CONCLUSION

**{¶24}** Appellant asserted that the trial court erred in finding that Deputy Chappell had probable cause to arrest him and finding that there was no violation of his rights under *Miranda*. These arguments are without merit. The traffic violation, along with the officer's observations of Appellant during the evening of October 5, 2009, constitute probable cause to arrest. The record also indicates that Appellant effectively waived his rights under *Miranda*. Appellant's *Anders* assignments of error are also without merit. All of Appellant's assignments of error are overruled, and his conviction and sentence are affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.