[Cite as *State v. Drager*, 2014-Ohio-3056.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No.    26067 |
| | : | |
| v. | : | Trial Court Case No. |
| | : | 2012-TRC-16110 |
| LLOYD L. DRAGER, JR. | : | |
| | : | |
| Defendant-Appellant | : | (Criminal Appeal from |
| | : |  Municipal Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of July, 2014.

. . . . . . . . . . .

MATTHEW KORTJOHN, Atty. Reg. No. 0083743, Assistant City of Dayton Prosecutor, 335 West Third Street, Suite 372, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellee

CHARLES M. RITTGERS, Atty. Reg. No. 0086567, NICHOLAS D. GRAMAN, Atty. Reg. No. 0082359, 12 East Warren Street, Lebanon, Ohio 45036
     Attorneys for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}   Defendant-appellant, Lloyd L. Drager, Jr., appeals from his sentence imposed by the Dayton Municipal Court after he pled guilty to one count of operating a motor vehicle under the influence of alcohol.   For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2}   On December 6, 2012, Drager was arrested and charged with operating a motor vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2).   Drager was also charged with a marked lanes violation under R.C. 4511.33. On April 22, 2013, Drager pled guilty to the OVI charge under R.C. 4511.19(A)(1)(a), and the remaining charges were dismissed pursuant to a plea agreement.

{¶ 3}   Prior to the OVI offense in this case, Drager had two OVI convictions in Vandalia Municipal Court.   On June 5, 2012, the trial court held a hearing to determine whether Drager's prior convictions may be used to enhance his sentence as provided in R.C. 4511.19(G)(1)(c).   Before the hearing, Drager and the State stipulated to the following facts:

> On December 31, 2011, the defendant, Lloyd Drager, was arrested and charged with one count of operating a vehicle under the influence of alcohol, ("OVI"), under R.C. 4511.19(A)(1)(a) in Vandalia Municipal Court ("VMC") case number 12-TRC-00001.   On January 11, 2012, Drager signed a form in that case entitled "Diversion Program Conditional Plea."   A copy of that form is attached to this fact statement as "Joint Exhibit A."   The conditional plea form

was signed by Judge Cynthia Heck and filed with the VMC clerk on January 11, 2012. That same day, Drager received and signed a copy of the VMC "Diversion Agreement," a copy of which is attached as "Joint Exhibit B." Upon executing the Diversion Program Conditional Plea, Drager was accepted into the VMC OVI diversion program. Under the terms of VMC's diversion program, Drager agreed to, among other things, "not be arrested for any alcohol related offenses during the one year Diversion period." If Drager successfully completed diversion, the prosecutor would file a motion asking the court not to accept Drager's conditional guilty plea and dismiss his case. The court's journal entry from 12-TRC-00001 is attached as "Join Exhibit C."

On May 17, 2012, Drager was again arrested for OVI. He was charged with OVI under R.C. 4511.19(A)(1)(a) in VMC case number 12-TRC-04274. Drager was also charged with a seatbelt and marked lanes violation, both minor misdemeanors. On June 7, 2012[,] Drager entered a plea of guilty to the OVI charge in 12-TRC-04274. The court found Drager guilty, sentenced him to a $375 fine, suspended his license, placed him on probation for one year, and sentenced him to the three[-]day WIP program in lieu of jail. In exchange for his plea of guilty to OVI, the companion minor misdemeanors were dismissed. A journal entry memorializing the plea, finding of guilty, and sentence were filed with the VMC clerk on that same day. (Attached as "Joint Exhibit D"). Neither plea, in case 12-TRC-00001 nor in case 12-TRC-04274, was made in open court. No audio recordings of any of the proceedings in either of those cases exist.

Also filed on June 7, 2012[,] was a sentencing entry finding that Drager had failed to successfully complete the VMC diversion program in 12-TRC-00001. The entry (attached as "Joint Exhibit E") stated the court "accepts the Defendant's plea of guilty previously entered in this case and orders the plea placed of record as of 1-11-12." The entry also sentenced Drager to a fine of $1000 and a jail term of six months, with the court suspending all but three days of that sentence.

A certified copy of Drager's Bureau of Motor Vehicles ("BMV") transcript is attached as "Joint Exhibit F." Drager was represented by defense counsel, Dennis Gump, at the time he entered his pleas of guilty in each case, 12TRC0001 and 12TRC04274. (See notices of appearance attached as "Joint Exhibit G" and "Joint Exhibit H").

Stipulated Fact Statement (May 31, 2013), Dayton Municipal Court Case No. 12-TRC-016110, Docket No. 28a, p. 1-2.

{¶ 4} During the June 5, 2012 hearing, Drager presented testimony from his former attorney, Dennis Gump. Gump's testimony was consistent with the stipulated facts, as Gump testified that he represented Drager in both OVI cases in Vandalia Municipal Court and that neither of Drager's pleas were made by personally appearing before a judge in open court. Gump testified that in his expert opinion, this practice violated Traf.R. 10 and Crim.R. 11. Accordingly, it was Drager's position that his guilty pleas in those cases were deficient and the resulting convictions could not be used to enhance his sentence in the present case. Drager, however, never filed a direct appeal from either conviction.

{¶ 5}   Following the hearing, the trial court issued a written decision holding that Drager's two Vandalia Municipal Court convictions were valid for sentencing enhancing purposes.   Thereafter, on January 13, 2013, the trial court sentenced Drager according to R.C. 4511.19(G)(1)(c) and (G)(3), imposing 15 days in jail, followed by 55 days of electronic home detention, a fine of $850, a two-year driver's license suspension, alcohol treatment, and forfeiture of the vehicle Drager was operating at the time of the offense.

{¶ 6}   Drager now appeals from the trial court's sentence, raising one assignment of error for review.

**Assignment of Error**

{¶ 7}   Drager's sole assignment of error is as follows:

THE TRIAL COURT ERRED AS A MATTER OF LAW BY FINDING THAT APPELLANT HAD TWO PRIOR OVI CONVICTIONS WITHIN THE PAST 6 YEARS.

{¶ 8}   Under his sole assignment of error, Drager contends that his two prior OVI convictions in Vandalia Municipal Court cannot be used to enhance his sentence for the OVI offense in the present case.   Drager does not contest the existence of the prior convictions, but instead claims that the convictions are invalid due to the Vandalia Municipal Court failing to comply with the plea requirements in Traf.R. 10 and Crim.R. 11.   Due to the alleged invalidity of these convictions,   Drager claims that he should have been sentenced as a first-time offender instead of under R.C. 4511.19(G)(1)(c), which applies to offenders who have been previously convicted of two OVI offenses within six years of their current OVI offense.

{¶ 9}   Drager did not directly appeal from his prior OVI convictions in Vandalia

Municipal Court and is now attempting to collaterally attack the validity of those convictions. The Supreme Court of Ohio has stated the following regarding collateral attacks on prior convictions:

Generally, a past conviction cannot be attacked in a subsequent case. However, there is a limited right to collaterally attack a conviction when the state proposes to use the past conviction to enhance the penalty of a later criminal offense. A conviction obtained against a defendant who is without counsel, or its corollary, an uncounseled conviction obtained without a valid waiver of the right to counsel, has been recognized as constitutionally infirm. *State v. Brandon* (1989), 45 Ohio St.3d 85, 86, 543 N.E.2d 501; *Nichols v. United States* (1994), 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745.

*State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 9.

{¶ 10} The Supreme Court in *Brooke* also stated that:

"Where questions arise concerning a prior conviction, a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law and a defendant must introduce evidence to the contrary in order to establish a prima-facie showing of constitutional infirmity." *State v. Brandon*, 45 Ohio St.3d 85, 543 N.E.2d 501, syllabus. Once a prima facie showing is made that a prior conviction was uncounseled, the burden shifts to the state to prove that there was no constitutional infirmity. *Id*. at 88, 543 N.E.2d 501. For purposes of penalty enhancement in later convictions under R.C. 4511.19, when the defendant presents a prima facie showing that prior convictions were

unconstitutional because they were uncounseled and resulted in confinement, the burden shifts to the state to prove that the right to counsel was properly waived.

*Brooke* at ¶ 11.

{¶ 11} The United States Supreme Court has expressly refused to extend the right to collaterally attack prior penalty-enhancing convictions on grounds beyond the right to counsel. *Custis v. United States*, 511 U.S. 485, 496, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). Various courts of appeals in Ohio have also recognized that the only constitutional infirmity a criminal defendant may allege to collaterally challenge a prior penalty-enhancing conviction is the denial of the fundamental right to be represented by counsel. *See State v. Phillips*, 12th Dist. Butler No. CA2009-09-242, 2010-Ohio-1941, ¶ 7; *State v. Mikolajczyk*, 8th Dist. Cuyahoga No. 93085, 2010-Ohio-75, ¶ 28; *State v. Nadock*, 11th Dist. Lake No. 2009-L-042, 2010-Ohio-1161, ¶ 21; *State v. Armbruster*, 3d Dist. Marion No. 9-03-15, 2004-Ohio-289, ¶ 7; *State v. Lamar*, 10th Dist. Franklin No. 00AP-1204, 2001 WL 722084, *3 (June 28, 2001); *State v. Culberson*, 142 Ohio App.3d 656, 662-663, 756 N.E.2d 734 (7th Dist.2001).

{¶ 12} Therefore, a defendant represented by counsel cannot collaterally attack his prior convictions on grounds that his guilty pleas were invalid. *See, e.g., State v. Jones*, 5th Dist. Tuscarawas No. 2001 AP 12 0110, 2002-Ohio-3484, ¶ 16 ("[b]ecause Appellant did not attack the previous conviction through a direct appeal, and the agreed judgment entry clearly indicates Appellant had the benefit of counsel for said conviction, * * * the trial court's non-compliance with Crim. R. 11 * * * does not preclude the use of [the prior] conviction for enhancement purposes"); *Lamar* at *3 (finding that "even if the record supported defendant's assertion that the guilty plea was not knowingly, voluntarily and intelligently made, such failure does not constitute

sufficient evidence to establish a prima facie showing of constitutional infirmity").

{¶ 13}   In this case, Drager attempts to collaterally attack his two prior OVI convictions by alleging that his guilty pleas in those cases were invalid for violating Traf.R. 10 and Crim.R. 11.   However, Drager does not allege that he was without counsel during those convictions.   In fact, the stipulation between Drager and the State specifically states that Drager was represented by counsel at the time he entered his guilty pleas.   Moreover, Drager's former counsel testified at the June 5, 2012 hearing and confirmed that he represented Drager during his past OVI cases. Because Drager was not denied the fundamental right to be represented by counsel, he is not permitted to collaterally attack the validity of his prior penalty-enhancing convictions. Accordingly, the trial court did not err in finding that Drager had two prior OVI convictions within six years of his current conviction and sentencing him under R.C. 4511.19(G)(1)(c).

{¶ 14}   Drager's sole assignment of error is overruled.


## Conclusion

{¶ 15}   Having overruled Drager's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


FAIN and DONOVAN, JJ., concur.




Copies mailed to:

Matthew Kortjohn
Charles M. Rittgers
Nicholas D. Graman
Hon. John S. Pickrel

Case Name:    *State of Ohio v. Lloyd L. Drager, Jr.*
Case No:    Montgomery App. No. 26067
Panel:    Fain, Donovan, Welbaum
Author:    Jeffrey M. Welbaum
Summary:    The trial court did not err in finding that Appellant had two prior OVI convictions within six years of his current OVI offense and enhancing his sentence pursuant to R.C. 4511.19(G)(1)(c). Because Appellant was represented by counsel during his prior convictions, he is now prohibited from collaterally attacking the validity of those convictions in the present case. Affirmed.