[Cite as *State v. YBarra*, 2016-Ohio-5761.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSE A. YBARRA | : | Case No. 16-CA-16 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County
                             Court of Common Pleas, Case No.
                             15 CR 680


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            September 1, 2016


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

BRYAN R. MOORE                          MARCUS M. VAN WEY
Licking County Prosecutor's Office      Wolfe Van Wey & Associates, LLC
20 S. Second Street, 4th Floor          1350 W. 5th Ave., Suite 124
Newark, Ohio 43055                      Columbus, Ohio 43212

*Baldwin, J.*

{¶1} Appellant Jose A. Ybarra appeals a judgment of the Licking County Common Pleas Court convicting him of violation of a protection order (R.C. 2919.27(A)(1), (B)(3)), with a special finding that he was previously convicted of violating a protection order. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} Appellant's ex-wife obtained a civil protection order in 2013, naming herself and her son as protected persons, and appellant as the respondent. The protection order was effective from October 15, 2013 until October 9, 2018. Appellant was prohibited from initiating contact with his ex-wife and son, including via writing. He was also precluded from attempting to cause a third party to initiate contact on his behalf.

{¶3} Appellant was previously convicted of violating a protection order in 2014. He was incarcerated from April 23, 2015 to November 30, 2015. While incarcerated, he sent a letter to a neighbor, asking him to give the envelope to appellant's son. The neighbor placed the envelope at Mrs. Ybarra's door. Upon finding the envelope, Mrs. Ybarra knew it was from appellant because "Ybarra" was written at the top of the return address. She delivered the envelope to the Heath Police Department.

{¶4} Appellant was indicted by the Licking County Grand Jury with one count of violation of a protection order, with a specification that he had previously been convicted of or pled guilty to violating a protection order. Following jury trial, he was convicted and sentenced to one year incarceration.

**{¶5}**   Appellant assigns two errors:

**{¶6}**   "I.   THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO SUPPORT APPELLANT'S CONVICTION.

**{¶7}**   "II.   THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29."

I., II.

**{¶8}**   In both assignments of error, appellant argues that the conviction was not supported by sufficient evidence.  He specifically argues that while the State proved that he was served with a copy of the full protection order, the State did not prove that he was served with notice of the full hearing on the protection order.

**{¶9}**   An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶10}**   Appellant was convicted of violating R.C. 2919.27(A)(1), which provides that no person shall recklessly violate the terms of a protection order issued pursuant to R.C. 3113.31.   R.C. 3113.31(D)(2)(a) requires a court that issues an ex parte order to schedule a full hearing and to give the respondent notice and an opportunity to be heard at the full hearing.  Appellant alleges that the State did not prove that he received notice of the full hearing as required by R.C. 3113.31(D)(2)(a), and that therefore the State failed to prove the protection order was issued in accordance with R.C. 3113.31.

{¶11} Appellant's challenge is a collateral attack on the underlying protection order. The order remained in full force and effect at the time he violated the order, as he had not mounted a successful attack on the order in either the trial court or this court on the basis that he did not receive notice of the full hearing.

{¶12} In *City of Reynoldsburg v. Eichenberger,* 5th Dist. Licking No. CA-3492, 1990 WL 52467 (April 18, 1990), the appellant challenged his conviction for violating a protection order on the basis that the underlying order was void because the trial court did not follow the statute in issuing the order. We rejected his argument, holding that the appellant could not prevail after he deliberately disobeyed the order, even if we subsequently found the order to be invalid. "An order of the court must be obeyed unless and until a court finds it is invalid or rescinds it." *Id.,* citing *In re White,* 60 Ohio App. 2d 62 (1978); *U.S. Mine Workers of America,* 330 U.S. 258 (1947). We have further held that service of a temporary protection order is not an element of the offense as defined by R.C. 2919.27(A), where the appellant was aware or should have been aware that his conduct was prohibited by a civil protection order, citing *Eichenberger, supra. State v. Hall,* 5th Dist. Delaware No. 12CAA030017, 12CAA030018, 12CAA030019, 2013-Ohio-660, ¶23, 30-32.

{¶13} Appellant was served with the full protection order and therefore was not at liberty to disobey the order on the basis that he had not been served with notice of the underlying hearing. Until the order was successfully attacked on the basis of lack of service of notice of the hearing, the protection order was valid and appellant was required to obey the order.

{¶14} The first and second assignments of error are overruled. The judgment of the Licking County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Farmer, P.J. and

Gwin, J. concur.