[Cite as *State v. Hoover*, 2018-Ohio-4736.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellant | Hon. W. Scott Gwin, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 18 CA 39 |
| ROBERT HOOVER, JR. | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Municipal Court,
                             Case No.  18 TRC 319


JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT ENTRY:      November 21, 2018


APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

TRICIA M. MOORE                         ROBERT CALESARIC
ASSISTANT DIRECTOR OF LAW               35 South Park Place
40 West Main Street                     Suite 150
Newark, Ohio  43055                     Newark, Ohio  43055

*Wise, P. J.*

**{¶1}** Appellant State of Ohio appeals the decision of the Municipal Court, Licking County, granting a motion to suppress evidence filed by Defendant-Appellee Robert Hoover, Jr. in an OMVI case. The relevant facts leading to this appeal are as follows.

**{¶2}** On January 5, 2018, Trooper J.T. Coffland of the Ohio State Highway Patrol was on duty in a marked cruiser. Shortly after 11:45 PM that night, while he was traveling westbound on Cristland Hill Road, he observed a 2009 Nissan in front of him go across the double-yellow center line. The trooper later recalled that he could "see a gap between the tire and the farthest center line ***." Supp.Tr. at 7. He captured the incident on his cruiser's video camera system, although he later testified he had one of his patrol post's "older vehicles," without an upgraded video system, such that the video quality was "lackluster." *Id.* at 7-8.

**{¶3}** The trooper also later testified that after the Nissan turned onto Mill Dam Road, it almost drove on top of the white fog line, although the trooper did not observe it go over. Tr. at 11. On cross-examination, Trooper Coffland was asked about the conditions of the road and whether there was anything obscuring his view of the center line. Tr. at 13. He replied that there was snow and salt on the roadway which "slightly" obscured the view on the video. *Id.* However, he indicated that his actual view on the road that night was not as obscured. *Id.* at 14-15.

**{¶4}** The trooper stopped the Nissan in question, observing that it was being driven by appellee. As a result of further investigation by the trooper, appellee was cited for operating a motor vehicle while under the influence of alcohol (R.C. 4511.19(A)(1)(a)) and operating a vehicle left of center (R.C. 4511.25).

**{¶5}** Appellee obtained counsel and entered a written plea of not guilty to both charges on January 8, 2018.

**{¶6}** Appellee filed a motion to suppress on February 23, 2018.

**{¶7}** On April 11, 2018, the trial court conducted a suppression hearing. At the outset, the trial court noted that appellee would limit his arguments to challenging the propriety of the initial traffic stop. Supp.Tr. at 4-5. The State proceeded to call Trooper Coffland as the sole witness for the hearing. *Id.* at 6, *et seq.* The trial court was also presented with a segment of the video taken by the cruiser dash camera on the night in question. *Id.* at 11.

**{¶8}** After taking the matter under advisement and further reviewing the dashcam video, the court issued a written ruling granting appellee's motion to suppress on May 3, 2018, determining that the trooper lacked probable cause to stop appellee for a marked lanes violation.[1] The trial court observed in pertinent part: "In reviewing the recording, the court concludes that the defendant very clearly drives on the double yellow line at [time index 23:48:02 to 23:48:03]. In fact, it appears that the farthest left the defendant moves is captured at 23:48:04. At that point, the video appears to show that the defendant is still on top of the double yellow line, but not clearly and unambiguously over it." Judgment Entry at 3.

**{¶9}** On May 10, 2018, the State of Ohio filed a notice of appeal. It herein raises the following sole Assignment of Error:

---

[1] Appellant State of Ohio has failed to include or attach with its brief a copy of the judgment entry under appeal. *See* Loc.App.R. 9(A). We have nonetheless reviewed the original document in the record.

{¶10} "I. THE TRIAL COURT DID ERR IN GRANTING THE DEFENDANT'S MOTION TO SUPPRESS BY FINDING THAT [THE TROOPER] DID NOT HAVE REASONABLE SUSPICION TO INITIATE A TRAFFIC STOP ON THE APPELLEE'S VEHICLE."

I.

{¶11} In its sole Assignment of Error, Appellant State of Ohio contends the trial court erred in granting Appellee Hoover's motion to suppress the results of the traffic stop in question. We agree.

{¶12} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this third type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. *See State v. Fanning* (1982), 1 Ohio St.3d 19, 437 N.E.2d 583; *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; *State v. Curry* (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; *State v. Guysinger* (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. The United States Supreme Court has held that as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal. *See Ornelas v. United States* (1996), 517 U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911.

**{¶13}** The pertinent statute in this instance is R.C. 4511.25(A), which states that, subject to stated exceptions, "[u]pon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway ***."

**{¶14}** Furthermore, although appellee herein was not charged thereunder, R.C. 4511.33(A)(1) states in pertinent part: "Whenever any roadway has been divided into two or more clearly marked lanes for traffic *** [a] vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."

**{¶15}** The Seventh District Court of Appeals, analyzing R.C. 4511.33, has observed: "Common sense dictates that the statute is designed to keep travelers, both in vehicles and pedestrians, safe. The logical conclusion is that the legislature intended only special circumstances to be valid reasons to leave a lane, not mere inattentiveness or carelessness." *State v. Hodge*, 7th Dist. No. 01 CA 76, 147 Ohio App.3d 550, 2002-Ohio-3053, 771 N.E.2d 331, ¶ 43.

**{¶16}** We proceed to our suppression analysis in this matter by observing that the State's assigned error (as set forth in the table of contents in its brief) somewhat confusingly implies the trial court ultimately found a lack of reasonable suspicion for the traffic stop. As we stated in our recitation of the facts, however, the trial court ultimately utilized a "probable cause" standard in reaching its final determination granting suppression. *See* Judgment Entry, May 3, 2018, at 4. This distinction should not be understated. As we recently reiterated, "[t]he Ohio Supreme Court has emphasized that probable cause is not required to make a traffic stop; rather the standard is reasonable

and articulable suspicion." *State v. Lewis*, 5th Dist. Licking No. 18-CA-17, 2018-Ohio-3681, ¶ 21, citing *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 23. Concisely stated, "[u]nder *Terry* [*v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)], police officers may briefly stop and/or temporarily detain individuals in order to investigate possible criminal activity if the officers have a reasonable, articulable suspicion that criminal activity may be afoot, including a minor traffic violation." *State v. Saunders*, 5th Dist. Muskingum No. CT2017-0052, 2018-Ohio-2624, ¶ 27, quoting *State v. Swift*, 2nd Dist. Montgomery No. 27036, 2016–Ohio–8191, ¶ 10.

**{¶17}** Reasonable suspicion constitutes something less than probable cause. *State v. Logan,* 5th Dist. Richland No. 07–CA–56, 2008–Ohio–2969, ¶ 15, citing *State v. Carlson* (1995), 102 Ohio App.3d 585, 590. Also, it is well-established that an officer's reasonable articulable suspicion does not require proof beyond a reasonable doubt that the defendant's conduct has satisfied the elements of the offense. *State v. Willis,* 5th Dist. Licking No. 14 CA 103, 2015–Ohio-3739, ¶ 25, citing *Westlake v. Kaplysh,* 118 Ohio App.3d 18, 20, 691 N.E.2d 1074 (8th Dist.1997). A single suspected traffic violation provides reasonable suspicion for an officer to stop a vehicle. *See State v. Panaro*, 9th Dist. Medina No. 16CA0067-M, 2018-Ohio-1005, 108 N.E.3d 1187, ¶ 15 (citations omitted).

**{¶18}** We are generally disinclined to overturn factual determinations by a trial court judge, which in this instance would include his finding that the highway patrol dashcam video does not clearly reveal appellee's Nissan going over (as opposed to on top of) the double-yellow line, contrary to the trooper's recollections. Indeed, it has been aptly recognized that "[b]ecause the trial court acts as the trier of fact in suppression

hearings and is in the best position to resolve factual issues and evaluate the credibility of witnesses, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *State v. Shrewsbury,* 4th Dist. Ross No. 13CA3402, 2014–Ohio–716, ¶ 11, citing *State v. Burnside,* 100 Ohio St.3d 152, 797 N.E.2d 71, 2003–Ohio–5372, ¶ 8. However, where the trial court has failed to apply the appropriate test or correct law to the findings of fact, an appellate court can reverse the trial court for committing an error of law. *See State v. Williams, supra.*

**{¶19}** Accordingly, we find reversible error in the trial court's granting of suppression under the facts and circumstances presented. The State's sole Assignment of Error is sustained, and the matter will be remanded for the trial court to apply a "reasonable suspicion" standard to the evidence presented at the suppression hearing.

**{¶20}** For the reasons stated in the foregoing, the decision of the Municipal Court, Licking County, is hereby reversed and remanded.

By: Wise, P. J.

Gwin, J., and

Delaney, J., concur.

JWW/d 1108