[Cite as *State v. Leffler*, 2019-Ohio-3964.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOAH L. LEFFLER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CO 0032**

---

Criminal Appeal from the
Municipal Court of Columbiana County, Ohio
Case No. 2017 TRC 6890

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Robert L. Herron*, Prosecuting Attorney, *Atty. Alec A. Beech,* Assistant Prosecuting Attorney, Columbiana County Prosecutors Office, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Dominic A. Frank*, Betras, Kopp & Harshman, LLC, 1717 Lisbon Street, East Liverpool, Ohio 43920, for Defendant-Appellant.

Dated:  September 24, 2019

––––––––––––––––––

**Robb, J.**

{¶1}    Defendant-Appellant Joah Leffler appeals the decision of the Columbiana County Municipal Court denying his motion to suppress and his convictions.  The issues in this appeal are whether there was a reasonable articulable suspicion for the stop, whether there was probable cause for the arrest, whether his statement to the trooper during the stop had to be suppressed, and whether there was evidence he operated the vehicle without wearing a seatbelt.  For the reasons expressed below, none of these issues have merit.  The convictions and trial court's denial of the motion to suppress are affirmed.

Statement of Facts and Case

{¶2}    On September 16, 2017 at 2:34 a.m., Appellant was stopped by Trooper English on State Route 7 in Yellow Creek Township, Columbiana County, Ohio driving a 2010 Hyundai. Appellant was cited for driving under the influence with priors and with refusal to submit to testing in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(A)(2), driving with a suspended license in violation of R.C. 4510.04, failure to wear a seat belt in violation of R.C. 4513.263(B), and failure to have the rear license plate illuminated in violation of R.C. 4513.05.

{¶3}    Following his not guilty plea and motions for discovery, Appellant filed a motion to suppress.  5/8/18 Motion to Suppress.  He asserted there was no reasonable articulable suspicion to stop his vehicle, there was no probable cause for his arrest, and any statements made to the trooper were in violation of his Fifth and Sixth Amendment rights.  5/8/18 Motion to Suppress.

{¶4}    A hearing was held and Trooper English testified about why he stopped the vehicle driven by Appellant, and about what transpired during the stop.  5/31/18 Hearing.

{¶5}    The trial court denied the motion to suppress. 6/21/18 J.E.  The court found there was a reasonable articulable suspicion to make the stop because the officer testified the license plate light failed to provide illumination so that the plate is legible from a distance of fifty feet.  6/21/18 J.E.  The court also found that there was probable cause for the arrest based on the officer observing Appellant's slurred speech, failure to make

Case No. 18 CO 0032

eye contact, glassy and bloodshot eyes, odor of alcohol from the vehicle and from Appellant, admission to having consumed three or four beers, and refusal of field sobriety tests. 6/21/18 J.E. As to the statements, concerning the consumption of beers, the trial court found no merit with the assertion that the statements were made during a custodial interrogation. 6/21/18 J.E.

**{¶6}** Following plea negotiations, Appellant entered a no contest plea preserving his right to appeal the suppression ruling. 9/18/18 J.E. The state dismissed the license plate illumination, R.C. 4513.05, charge. 9/18/18 J.E. Appellant was found guilty of the remaining offenses. 9/18/18 J.E. He was sentenced to 180 days for driving while impaired with prior refusal and 180 days for driving under suspension. 9/18/18 J.E. Part of this sentence was suspended and he was sentenced to two years of probation. 9/18/18 J.E. The sentences were ordered to run concurrent. 9/18/18 J.E. He was fined an aggregate amount of $1,130.00 - $850.00 for the OVI, $250.00 for the driving under suspension, and $30.00 for the seat belt violation. 9/18/18 J.E. Additionally, his driver's license was suspended for two years. 9/18/18 J.E.

**{¶7}** Appellant timely appealed the conviction and suppression ruling. The trial court stayed the sentence pending appeal. 10/18/18 J.E.

### Suppression Standard of Review
### for the First Three Assignments of Error

**{¶8}** The first three assignments of error address the trial court's denial of the motion to suppress. Appellate review of a ruling on a motion to suppress involves mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. As the trial court is best suited to evaluate witness credibility, an appellate court must uphold the findings of fact if they are supported by competent, credible evidence. *Id.* However, an appellate court must independently determine as a matter of law whether the trial court met the applicable legal standard. *Id.* With that standard in mind we review the first three assignments of error.

### First Assignment of Error

"The trial court erred to the prejudice of the Appellant when it overruled his motion to suppress and found the Trooper had reasonable articulable suspicion to initiate a traffic stop of the Appellant's vehicle."

**{¶9}** An officer's decision to stop a motorist is constitutionally valid if the officer has a reasonable and articulable suspicion that the motorist has committed or is about to commit a crime:

> The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee the right to be free from unreasonable searches and seizures. *State v. Orr* (2001), 91 Ohio St.3d 389, 391, 745 N.E.2d 1036. The United States Supreme Court has stated that a traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime. *Delaware v. Prouse* (1979), 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660; *Berkemer v. McCarty* (1984), 468 U.S. 420, 439, 104 S.Ct. 3138, 82 L.Ed.2d 317, quoting *United States v. Brignoni–Ponce* (1975), 422 U.S. 873, 881, 95 S.Ct. 2574, 45 L.Ed.2d 607. Further, "[t]he propriety of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances." *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044, at paragraph one of the syllabus.

> Therefore, if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid.

*State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶ 7-8.

**{¶10}** Even a minor traffic violation constitutes reasonable articulable suspicion. *State v. Levine*, 4th Dist. Washington No. 18CA19, 2019-Ohio-265, ¶ 12; *State v. Hoover*, 5th Dist. Licking No. 18 CA 39, 2018-Ohio-4736, ¶ 16; *State v. Fickert*, 2d Dist. Clark No. 2018-CA-15, 2018-Ohio-4349, ¶ 13; *State v. Dotson*, 2018-Ohio-2481, 114 N.E.3d 390, ¶ 25 (7th Dist.); *State v. Slaughter*, 1st Dist. Hamilton Nos. C-170110, C-170111, C-170112, 2018-Ohio-105, ¶ 11; *State v. Meyers*, 11th Dist. Lake Nos. 2013-L-042, 2013-L-043, 2014-Ohio-1357, ¶ 25; *State v. Calimeno*, 8th Dist. Cuyahoga No. 98376, 2013-Ohio-1177, ¶ 35; *State v. Powers*, 6th Dist. Lucas No. L-04-1210, 2005-Ohio-5737, ¶ 15.

{¶11} The trooper's reason for the stop was an unilluminated license plate in violation of R.C. 4513.05. That statutes provides:

Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, when such registration plate is required, and render it legible from a distance of fifty feet to the rear. Any tail light, together with any separate light for illuminating the rear registration plate, shall be so wired as to be lighted whenever the headlights or auxiliary driving lights are lighted, except where separate lighting systems are provided for trailers for the purpose of illuminating such registration plate.

R.C. 4513.05(A).

{¶12} Violation of that section of the statute is a minor misdemeanor. R.C. 4513.05(B). Appellant contends given the trooper's testimony it would have been impossible for the trooper to determine whether the rear license plate light was properly working prior to the stop. He also asserts the trooper failed to inspect the light after the stop to verify whether it was working properly.

{¶13} When asked why he stopped Appellant, Trooper English indicated the stop was initiated because of the failure to illuminate the rear license plate. Suppression Tr. 7. He testified he was not able to see the license plate to run through LEADS. Suppression Tr. 7. He further explained "there was no light at all for the license plate" and the first time he noticed there was no rear license plate light was when he was about two car lengths away. Suppression Tr. 7, 9. On cross examination, he was asked:

Q. You could see that it was lit up. You could see that there was a license plate whether there was lights or anything else?

A. No, sir, I could not see that it was lit up.

Suppression Tr. 19.

{¶14} He was asked whether he inspected the light more closely when he approached the vehicle. Suppression Tr. 8. He admitted he did not inspect the license plate light, but as he approached the vehicle he "did double look at the rear license plate

and radioed dispatch the license plate, after I exited my patrol car." Suppression Tr. 8. He restated there was no license plate light and stated he double checked it to see if the license plate was illuminated when he exited his cruiser. Suppression Tr. 8-9. On cross examination he was asked:

Q. Did you get down and look at it?

A. I did not get down and look at it.

Q. So when you exited your vehicle, isn't it true that your vehicle's headlights were on this, the flashlight was on this, and you were just standing there looking at it; would you agree that that's what the video shows?
A. Yes, it shows my headlights.

Q. At no point in time did you get down and really look at the light to make a determination if the light was not functioning; is that fair to say?

A. Yes, sir.

Suppression Tr. 20.

{¶15} This testimony, if believed, established that the license plate light was not working and although the trooper did not get down and examine the light, he did relook at the license plate to determine if the light was working.

{¶16} The issue is a credibility issue. The trial court was in the best position to determine credibility and we will not second guess the trial court's decision. Accordingly, given our standard of review and the testimony there is no merit with this assignment of error.

Case No. 18 CO 0032

## Second Assignment of Error

"The trial court erred to the prejudice of the Appellant when it overruled his motion to suppress and found the Trooper had probable cause to arrest Appellant for operating a motor vehicle under the influence (OVI)."

**{¶17}** An arrest without a warrant violates the Fourth Amendment unless the arresting officer has probable cause to make the arrest. The test for probable cause to justify an arrest is "whether at that moment the facts and circumstances within [the officer's] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223 (1964). "The standard for determining whether there was probable cause to arrest for OVI is whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Bish*, 191 Ohio App.3d 661, 674, 2010–Ohio–6604, 947 N.E.2d 257, ¶ 47 (7th Dist.) "That determination is based on the totality of the facts and circumstances surrounding the arrest." *Id.*

**{¶18}** It is undisputed in this case that the trooper did not know Appellant was driving under suspension until after the arrest. Thus, the fact that Appellant was driving with a suspended license was not the basis for the arrest. The basis for the arrest was driving while impaired and refusal to submit to field sobriety tests; however, Trooper English admitted he did not observe any erratic driving. On redirect examination, the prosecutor concisely questioned Trooper English on the basis for the arrest:

Q. * * * So we'll get to indicators of impairment. Number one was, failed to give you all the requested information; is that right?

A. Yes, sir.

Q. Number two, he wouldn't make eye contact with you; is that correct?

A. Yes, sir.

Q. Okay. Number three, he had bloodshot and glassy eyes; is that correct?

A. Yes, sir.

Q. Okay. Number four, he admitted to you on two separate occasions that he had drank beer that night; is that correct?

A. Yes, sir.

Q. Number five, an odor of alcoholic beverage coming from the car; is that correct?

A. Yes, sir.

Q. And number six, an odor of alcoholic beverage coming from his person; is that correct?

A. Yes, sir.

Q. Okay. Number seven, he refused all field sobriety tests; is that correct?

A. Correct.

Q. Okay. Is it true that he admitted to you that he drank alcohol prior to your pat down search?

A. Yes, sir.

Q. And is it true that he again admitted to you that he drank alcohol prior to driving after the pat down search?

A. Yes, sir.

Suppression Tr. 30-31.

{¶19} The issue in this case is whether these facts are sufficient for probable cause for the arrest.

Case No. 18 CO 0032

{¶20} The Eleventh Appellate District has stated the odor of alcohol, glassy eyes, slurred speech, and other indicia of alcohol use by a driver are, in and of themselves, insufficient to constitute probable cause to arrest. *Kirtland Hills v. Deir*, 11th Dist. Lake No. 2004-L-005, 2005-Ohio-1563, ¶ 16. However, they are factors to be considered in determining the existence of probable cause. *Id*. The Second Appellate District likewise has held that the strong odor of alcohol in conjunction with an admission to consuming alcohol is not enough to establish probable cause. *State v. Berry*, 2d Dist. Montgomery No. 28199, 2019-Ohio-1254, ¶ 27-28. *See also State v. Swartz*, 2d Dist. Miami No. 2008 CA 31, 2009-Ohio-902, ¶ 14 and 16 ("de minimis traffic violation, coupled with glassy, bloodshot eyes and an unspecified odor of alcohol is insufficient justification to conduct field sobriety tests").

{¶21} We have agreed with other courts that there is no probable cause to arrest for operating a vehicle under the influence when "the *only* basis for arresting the defendant was the *appearance* of being intoxicated," such as an odor of alcohol or glassy eyes. *State v. Billiter*, 7th Dist. Monroe No. 10 MO 5, 2012-Ohio-4551, ¶ 11 quoting *State v. Blake,* 7th Dist. Columbiana No. 01 CO 44, 2002–Ohio–5221, ¶ 38. Nevertheless, our district has stated that erratic driving, masking the odor of alcohol with cigarette smoke, avoiding eye contact with the officer, and refusing to take field sobriety tests were sufficient to constitute probable cause. *State v. Wardle*, 7th Dist. Mahoning No. 16 MA 0150, 2017-Ohio-9238, ¶ 14. Other factors that have been held to establish probable cause for arrest are: "erratic driving, driving left of center at least three times, stopping at an intersection for a prolonged period of time, smell of an alcoholic beverage on the person or breath, failure to notice police car flashers, slurred speech, bloodshot eyes, and impairment of physical abilities." *State v. Akers*, 2016-Ohio-7216, 72 N.E.3d 135, ¶ 37 (7th Dist.). Furthermore, we have explicitly explained that the refusal to take the field sobriety tests can be factored into the probable-cause analysis. *State v. Derov*, 7th Dist. Mahoning No. 08 MA 189, 2009–Ohio–4810, ¶ 17.

{¶22} As set forth above, the stop occurred at approximately 2:30 a.m. Suppression Tr. 6. The trooper did not observe erratic driving; the stop was for a minor traffic violation. Suppression Tr. 18. It took Appellant a while to find registration and proof of insurance but this was not his vehicle and Trooper English acknowledged that might

have been the reason it took him awhile to find those documents. Suppression Tr. 21. Appellant avoided eye contact with Trooper English; Trooper English stated this indicated to him that Appellant was trying to hide or conceal something. Suppression Tr. 11. The trooper also noticed a strong odor of alcohol emitting from the vehicle and when he asked Appellant to exit the vehicle the trooper detected a strong odor of alcohol emitting from Appellant's person. Suppression Tr. 11. The trooper also noticed slurred speech and bloodshot, glassy eyes. Suppression Tr. 10, 22. Trooper English asked Appellant twice if he had been drinking, once when he was in the vehicle prior to the pat down and once thereafter, to which he answered affirmatively. Suppression Tr. 11, 31. Appellant also refused to submit to field sobriety tests and chemical testing. Suppression Tr. 12, 15.

{¶23} Given all the facts, there was probable cause for the arrest. The time of the stop, the act of trying to avoid eye contact, the strong odor of alcohol emanating from Appellant's person and the vehicle, the admission of drinking beer, slurred speech, the refusal to submit to chemical or field sobriety testing, and glassy, bloodshot eyes are sufficient factors to constitute probable cause. This assignment of error is meritless.

### Third Assignment of Error

"The trial court erred to the prejudice of the Appellant when if found the statements made by Appellant were admissible."

{¶24} During the stop Trooper English twice asked Appellant whether he had consumed any alcohol. The first question occurred while Appellant was still in his vehicle and the second question occurred while Appellant was in the back seat of the cruiser, but before he was placed in handcuffs and arrested. Appellant responded both times that he had about three or four beers. Suppression Tr. 11, 25. Appellant moved to suppress that statement claiming he should have been Mirandized prior to questions about consuming alcohol. Following the hearing, the trial court denied the request to suppress the statement.

{¶25} The facts as set forth in the suppression transcript indicate after stopping Appellant for a minor traffic violation, Trooper English asked for Appellant's identification, registration, and insurance information. Trooper English also asked Appellant if he had consumed any alcohol to which Appellant responded that he had drank about three or four beers. Suppression Tr. 11. Following that answer and after observing Appellant's

Case No. 18 CO 0032

slurred speech, his glassy bloodshot eyes, and the odor of alcohol emanating from the vehicle, the trooper asked Appellant if he would consent to a pat down and asked him to exit the vehicle. Suppression Tr. 24. Appellant consented to the pat down and exited the vehicle. Suppression Tr. 24. The trooper then directed Appellant to the back seat of his cruiser, but did not handcuff Appellant. Suppression Tr. 24. While in the cruiser, Trooper English questioned Appellant again about his use of alcohol and Appellant responded he had about three or four beers. Suppression Tr. 25. Prior to that questioning, Trooper English did not Mirandize Appellant. Suppression Tr. 25. Appellant was then asked if he would submit to a field sobriety test and he declined. Suppression Tr. 25. It was then that Appellant was handcuffed, arrested, and Mirandized. Suppression Tr. 25.

{¶26} A motorist temporarily detained as the subject of an ordinary traffic stop is not "in custody" for purposes of *Miranda*. *State v. Farris*, 109 Ohio St.3d 519, 2006–Ohio–3255, 849 N.E.2d 985, ¶ 13, citing *Berkemer v. McCarty*, 468 U.S. 420, 440, 104 S.Ct. 3138 (1984). However, if the motorist "thereafter is subjected to treatment that renders him 'in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed by *Miranda*." *Id.*, quoting *Berkemer* at 440. "The 'only relevant inquiry' in determining whether a person is in custody is 'how a reasonable man in the suspect's position would have understood his situation.'" *Id.* at ¶ 14, quoting *Berkemer* at 442.

{¶27} The first time Appellant was asked about his consumption of alcohol he was seated in the vehicle he was driving and it was during the nonmoving violation stop. There is no suggestion in the record that at that point this stop was anything other than an ordinary traffic stop which means he was not in custody for purposes of *Miranda*. Therefore, there is no basis to suppress Appellant's response that he had consumed three or four beers.

{¶28} The second time Appellant was asked about his consumption of alcohol he was in the back seat of the cruiser. From the record before this court, it appears the questions and answers were essentially the same. Therefore, even if we were to conclude that the second questioning constituted a custodial interrogation and the answer had to be suppressed, that same answer is already admissible in regards to the questioning that occurred immediately after the stop.

Case No. 18 CO 0032

**{¶29}** Regardless, the second question regarding consumption of alcohol did not occur during a custodial interrogation. The facts indicate that although Appellant had been patted down and was seated in the backseat of the cruiser when the second questioning occurred, he was not handcuffed, nor under arrest.

**{¶30}** The Third Appellate District has held that the person is not in custody when they are patted down and placed in the back seat of the patrol car for safety purposes. *State v. Heimberger*, 3d Dist. Marion No. 9-17-45, 2018-Ohio-3001, ¶ 19. In that case, the person was not handcuffed and was not under arrest. *Id.* However, before placing the person in the patrol car, the trooper told her, "have a seat in my patrol car so I can move your vehicle off the roadway." *Id.* These facts led to the conclusion the placement in the car was for safety purposes and therefore, questions and statements were made prior to being placed into custody. *Id.*

**{¶31}** Similarly, the Eighth Appellate District concluded that a person is not in custody when that person was placed in the front passenger seat of a cruiser without a patdown search and without taking the person's car keys. *State v. Leonard*, 1st Dist. Hamilton No. C-060595, 2007-Ohio-3312, ¶ 22. The subject was not handcuffed and not subjected to a lengthy detention. *Id.* Thus, a reasonable person in that position would have understood they were not in police custody for practical purposes and as such, any statements obtained during that period were not obtained in violation of *Miranda*. *Id.* at ¶ 23.

**{¶32}** Considering the facts at hand, although Appellant was patted down and placed in the back seat of the patrol car, no statement was obtained in violation of *Miranda*. This stop occurred at 2:30 a.m. Considering how dark it is outside, it is advisable that conversations between the officer and the person being stopped should probably occur in the confines of a vehicle. Furthermore, the pat down was consensual and it was done for officer safety for placement in his cruiser. Appellant was not handcuffed at that point and there is no suggestion that the keys to the vehicle he was driving were taken away from him or taken from the vehicle. Therefore, a reasonable person in this position would have understood they were not in police custody.

**{¶33}** For those reasons, this assignment of error lacks merit; Appellant's admissions to consuming three or four beers was not obtained in violation of *Miranda*.

<u>Fourth Assignment of Error</u>

"The trial court erred to the prejudice of the Appellant when it found Appellant guilty of a seatbelt infraction."

**{¶34}** This assignment of error is not governed by the suppression standard of review. Appellant contends the trial court erred when it found him guilty of the seatbelt infraction. Appellant supports this position by citing to the trooper's testimony that he was not able to tell if Appellant had his seatbelt on when he was driving. Suppression Tr. 28. Trooper English testified the only time he observed Appellant without his seatbelt on was after he stopped the vehicle. Suppression Tr. 28. Consequently, Appellant contends the testimony does not support the determination that he was guilty of a seatbelt infraction. The argument presented in this assignment of error either constitutes a manifest weight of the evidence argument or a sufficiency of the evidence argument.

**{¶35}** Any manifest weight of the evidence argument, however, fails. Appellant pled no contest. A defendant who pleads no contest cannot assign as error that his conviction, based on the plea, was against the manifest weight of the evidence. *State v. Cole*, 2d Dist. Montgomery No. 26576, 2015-Ohio-5295, ¶ 31; *Cleveland v. Meehan*, 8th Dist. Cuyahoga No. 100202, 2014-Ohio-2265, ¶ 13; *State v. Hoopingarner,* 5th Dist. Tuscarawas No. 10AP080030, 2011–Ohio–3040, ¶ 8. This is because a conviction following a no contest plea does not derive from evidence adduced at trial, but from the no contest plea itself, which is an admission of the truth of the facts alleged in the indictment. *State v. Hall,* 2d Dist. Montgomery No. 23488, 2009–Ohio–6390, ¶ 27, citing Crim.R. 11(B)(2).

**{¶36}** That said, a limited sufficiency of the evidence review is available when a defendant pleads no contest. The Second Appellate District has stated, "With respect to the sufficiency of the evidence, a no contest plea is an admission to the facts as laid out at the plea hearing; the trial court retains discretion to consider a defendant's contention that the admitted facts do not constitute the charged offense, but the defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." *State v. Cole*, 2d Dist. Montgomery No. 26576, 2015-Ohio-5295, ¶ 32. The Third and Ninth Appellate District have similarly stated that a no contest plea forecloses one's ability to challenge the sufficiency of the

evidence provided the indictment was sufficient. *State v. Hernandez*, 3d Dist. Defiance Nos. 4-16-27, 4-16-28, 2017-Ohio-2797, ¶ 15; *State v. Mason*, 9th Dist. Summit No. 27715, 2016-Ohio-7081, ¶ 29-35. The Eighth Appellate District has aptly explained:

> Where a defendant charged with a crime enters a plea of no contest to the complaint, indictment, or information, sufficiency of the evidence is not an issue for either the trial court or an appellate court. Rather, the issue is whether the facts alleged in the complaint or the indictment state a crime. If the answer to the question is in the affirmative, both trial and appellate inquiry cease.

*State v. Baumgartner*, 8th Dist. Cuyahoga Nos. 89190, 91207, 91208, 2009-Ohio-624, ¶ 15.

**{¶37}** Consequently, agreeing with the rulings of our sister districts, we hold that by entering a no contest plea, Appellant limited our review to the complaint, i.e., the ticket. The ticket and affidavit attached indicate Appellant was charged with a seat belt violation; there is no other information regarding that charge in these two documents. Appellant signed a waiver of rights with his plea agreement. 9/18/18 Waiver of Rights upon Plea. That document stated, "If I enter a plea of No Contest, I agree that the Judge shall consider the ticket of the complaint and affidavit. I also acknowledge that a plea of No Contest is not an admission of guilty, but is an admission of the truth of the facts alleged in the complaint or citation * * *." 9/18/19 Waiver of Rights upon Plea. This was sufficient for a finding of guilt on the seat belt violation.

**{¶38}** There is no merit with this assignment of error.

### Conclusion

**{¶39}** For the reasons expressed above, all assignments of error lack merit. The trial court's suppression ruling and Appellant's convictions are affirmed.

Waite, P.J., concurs.

D'Apolito, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Municipal Court of Columbiana County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**