[Cite as *State v. Hall*, 2022-Ohio-3455.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-37 |
| | : | |
| v. | : | Trial Court Case Nos. 2021-CRB-1663 |
| | : | and 2021-CRB-1692 |
| DARYL A. HALL | : | |
| | : | (Criminal Appeal from Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 30th day of September, 2022.

. . . . . . . . . . .

FRANK J. PATRIZIO, Atty. Reg. No. 0055468, P.O. Box 910, 123 Market Street, Piqua, Ohio 45356
     Attorney for Plaintiff-Appellee

WILLIAM O. CASS, JR., Atty. Reg. No. 0034517, 1250 West Dorothy Lane, Suite 203, Kettering, Ohio 45409
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Daryl A. Hall appeals from his convictions following no-contest pleas to violating a civil-protection order in two municipal court cases. Hall contends the trial court erred in accepting the no-contest pleas while motions to dismiss and to suppress were pending and without inquiring into a due-process issue regarding the protection order.

{¶ 2} We conclude that Hall's no-contest pleas obviated the motions he filed while incarcerated and represented by counsel. In addition, Hall cannot collaterally attack the validity of the underlying protection order by raising a due-process challenge to its issuance in criminal cases for violating it. Accordingly, the trial court's judgments will be affirmed.

## I. Background

{¶ 3} Hall appeared before the trial court on several cases involving violations of a protection order and other offenses. He agreed to plead no contest to first-degree misdemeanor violating a protection order in two cases, Miami M.C. Nos. 2021-CRB-1663 and 2021-CRB-1692, in exchange for dismissal of the other cases. During the plea hearing, Hall questioned the validity of the protection order at issue. He claimed not to have received notice of the full hearing on the complainant's petition. He admitted, however, that he had been served with the protection order itself. The trial court responded that it understood Hall's complaint about the civil process but told him that the criminal case was "a different process." The trial court proceeded to accept the no-contest pleas and to make findings of guilt. It later imposed and suspended 180-day jail sentences, placed Hall on two years of community control, and imposed a $25 fine and

court costs in each of the two cases.

## II. Analysis

{¶ 4} Hall's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION AND/OR COMMITTED PLAIN ERROR WHEN IT ACCEPTED THE APPELLANT'S PLEA[S] WITHOUT RULING ON HIS MOTION TO DISMISS AND MOTION TO SUPPRESS AND CONDUCTING AN INQUIRY INTO THE APPELLANT'S PROTECTION ORDER DUE PROCESS ISSUES

{¶ 5} Hall contends the trial court erred in accepting his no-contest pleas before ruling on a pending motions to dismiss and to suppress. In particular, he cites a letter he wrote to the trial court raising various issues. The letter was docketed in Case No. 2021-CRB-1692, not as a motion to dismiss but as "Inmate's Letter to Judge." The letter contains no indication that it was served on the prosecutor's office, and Hall submitted the letter while he was represented by counsel.

{¶ 6} In Case No. 2021-CRB-1663 Hall filed multiple "Inmate Requests for Assistance" while he was in jail. On the back of one of those requests, he handwrote a motion to dismiss all charges, citing various statutes. On another such request, he handwrote a motion to suppress the protection order itself. Once again, Hall submitted these documents while represented by counsel and without serving the prosecutor's office.

{¶ 7} Even if we assume, arguendo, that Hall's filings were proper "motions," the trial court did not err in accepting his no-contest pleas without ruling on them. We have

recognized that a no-contest or guilty plea simply renders moot a pending motion to dismiss or motion to suppress. *See*, *e.g.*, *State v. Gard*, 2d Dist. Montgomery No. 25727, 2014-Ohio-531, ¶ 9-13 (finding that the existence of a pending motion when a defendant enters a guilty or no-contest plea "does not create error that can be preserved for appellate review" and that the plea renders such a motion moot); *State v. Fletcher*, 2d Dist. Montgomery Nos. 28829, 28830, 2021-Ohio-1515, ¶ 13.

{¶ 8} With regard to Hall's due-process concern regarding his alleged lack of notice of the civil-protection-order hearing, the trial court did listen to his assertions. But Hall admittedly had been served with and signed a court-issued protection order prohibiting him from engaging in certain conduct. The criminal charges accused him of violating the order. Hall's due-process argument constitutes an improper collateral attack on the protection order. He cannot challenge its validity in a criminal case involving his prosecution for violating it. The Fifth District Court of Appeals reached the same conclusion in *State v. Ybarra*, 5th Dist. Licking No. 16-CA-16, 2016-Ohio-5761, when affirming a conviction for violating a protection order. The Fifth District explained:

> Appellant's challenge is a collateral attack on the underlying protection order. The order remained in full force and effect at the time he violated the order, as he had not mounted a successful attack on the order in either the trial court or this court on the basis that he did not receive notice of the full hearing.
>
> * * *
>
> Appellant was served with the full protection order and therefore was

not at liberty to disobey the order on the basis that he had not been served with notice of the underlying hearing. Until the order was successfully attacked on the basis of lack of service of notice of the hearing, the protection order was valid and appellant was required to obey the order.

*Id.* at ¶ 11-13; *see also Westlake v. Patrick*, 8th Dist. Cuyahoga No. 88198, 2007-Ohio-1307, ¶ 7 (reasoning that "a party may be criminally punished for violating [a protection] order even though the order is determined to be invalid after the violation has occurred").

{¶ 9} Even if we were to assume, arguendo, that Hall's alleged lack of notice in the civil proceeding rendered the protection order void rather than potentially voidable (a view we do not hold), under R.C. 2937.07 his no-contest pleas constituted "an admission of the truth of the facts alleged in the complaint," namely that he violated an existing protection order. Hall's argument about the order being invalid is in effect a challenge to the legal sufficiency of the evidence. He was charged under R.C. 2919.27, which provides that no person shall recklessly violate the terms of a protection order. Despite his plea, Hall maintains that there was no valid protection order, meaning that legally insufficient evidence exists on an element of the State's case. But a no-contest plea waives a defendant's ability to present his own factual allegations to prove that he is not guilty. *State v. Leffler*, 7th Dist. Columbiana No. 18 CO 0032, 2019-Ohio-3964, ¶ 36, citing *State v. Cole*, 2d Dist. Montgomery No. 26576, 2015-Ohio-5295, ¶ 32.

{¶ 10} We note too that Hall presented no evidence in the trial court, not even an affidavit, to support his professed lack of notice of the full protection-order hearing. In addition, as he points out under his first assignment of error, he entered his no-contest

pleas without the trial court's ruling on his self-styled motions to dismiss and to suppress. That being so, even if Hall could challenge the validity of the protection order in his criminal cases, we have no ruling to review and no evidence to support his claim about a defect in the civil proceeding. *Compare Conneaut v. Babcock*, 11th Dist. Ashtabula No. 2021-A-0045, 2022-Ohio-2101, ¶ 18 ("Although appellant attempts to argue the gun at issue was a 'spring gun' or a 'BB gun,' he conceded, at his plea hearing, he possessed either a 'rifle or pellet gun.' * * * And, because he pleaded no contest to the charge, the sufficiency of the evidence (i.e., whether the gun was a prohibited gun under the ordinance) was never ultimately challenged.").

{¶ 11} For all of the foregoing reasons, Hall's assignment of error is overruled.

### III. Conclusion

{¶ 12} The judgments of the Miami County Municipal Court are affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

Frank J. Patrizio
William O. Cass, Jr.
Hon. Samuel L. Huffman