[Cite as *State v. Christian*, 2023-Ohio-1692.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TAYLOR S. CHRISTIAN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 CO 0026**

---

Criminal Appeal from the
Columbiana County Municipal Court of Columbiana County, Ohio
Case No. 2021-TRC-2644

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor and *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, 135 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Mark J. Lavelle,* 940 Windham Court, #7, Boardman, Ohio 44512, for Defendant-Appellant.

Dated: May 17, 2023

**D'APOLITO, P.J.**

**{¶1}** Appellant, Taylor S. Christian, appeals the judgment of the Columbiana County Municipal Court denying his motion to suppress following a hearing. Appellant pled no contest and was sentenced to 90 days in jail and fined for OVI, a marked lanes violation, and a safety belt violation. On appeal, Appellant argues the trial court erred in denying his motion to suppress because the traffic stop was constitutionally invalid. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On June 5, 2021, Appellant was charged with OVI, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(a); OVI, a misdemeanor of the first degree in violation of R.C. 4511.19(A)(1)(d); a marked lanes violation, a minor misdemeanor in violation of R.C. 4511.33; and a safety belt violation, a minor misdemeanor in violation of R.C. 4513.263(B)(1). Appellant retained counsel, pled not guilty to all charges, and waived his right to a speedy trial.

**{¶3}** On July 20, 2021, Appellant filed a motion to suppress all evidence obtained from the traffic stop and the field sobriety tests in violation of his constitutional rights. A hearing was held on November 15, 2021.

**{¶4}** Sergeant Benjamin C. Dennison with the Ohio State Highway Patrol testified for Appellee, the State of Ohio. (11/15/2021 Suppression Hearing Tr., p. 4). On June 5, 2021, Sergeant Dennison was on duty working the night shift in Knox Township, Columbiana County, Ohio. (*Id.* at p. 4, 7). At approximately 2:14 a.m., he was traveling eastbound on U.S. Route 62 and observed Appellant's vehicle, a Ford Mustang, traveling westbound. (*Id.* at p. 4-6).

**{¶5}** After passing the oncoming car, Sergeant Dennison looked in his rearview mirror and saw Appellant's vehicle cross into a marked hazardous zone painted on the roadway by about one foot.[1] (*Id.* at p. 5). He immediately turned his cruiser around and

---

[1] The dash cam video was played at the suppression hearing and viewed by this court. (State's Exhibit 1). The video captures the painted hazardous zone but does not capture this specific violation due to the camera angle and the position of the vehicles.

began following Appellant's car. (*Id.*) While following Appellant's vehicle for approximately one-half to three-quarters of a mile, Sergeant Dennison witnessed the car slightly cross over the center line and gradually swerve within the lane of traffic. (*Id.* at p. 6).[2]

{¶6} Sergeant Dennison initiated a traffic stop of Appellant's vehicle for a marked lanes violation. (*Id.*) Upon approaching the driver's side, Sergeant Dennison made contact with Appellant who stated he was "tired." (*Id.*) No other persons were inside. Sergeant Dennison testified Appellant's eyes were "bloodshot" and "glassy." (*Id.*) He also said there was an odor of alcohol emanating from Appellant. (*Id.* at p. 7). Sergeant Dennison observed Appellant's pants were wet although he did not document that fact in his report or inquire as to why at the scene. (*Id.* at p. 6). Sergeant Dennison noticed Appellant's speech was "a little slow" but not slurred. (*Id.* at p. 7). Sergeant Dennison asked Appellant if he had been drinking. (*Id.*) Appellant admitted he had consumed "a couple of beers." (*Id.*)

{¶7} On December 14, 2021, the trial court denied Appellant's motion to suppress. Specifically, the court determined Sergeant Dennison had a reasonable and articulable suspicion to stop Appellant's vehicle. The court found Sergeant Dennison was justified in investigating Appellant for OVI based upon the officer's testimony about his numerous observations, including: Appellant traveling into the hazardous zone on the roadway; crossing the center line slightly; movement within the lane; Appellant's eyes were bloodshot and glassy; Appellant had slow speech; an odor of alcohol emanated from Appellant; and Appellant admitted to consuming alcohol.

{¶8} On June 23, 2022, Appellant withdrew his former not guilty plea and entered a plea of no contest to the charges. The trial court accepted Appellant's no contest plea after finding it was made in a knowing, voluntary, and intelligent manner pursuant to Crim.R. 11 and merged the OVI charges for sentencing. The court sentenced Appellant to 90 days in jail, with 87 days suspended, and an $875 fine for OVI; a $50 fine for the marked lanes violation; and a $30 fine for the safety belt violation. The court further

---

2. The dash cam video captures Appellant's vehicle slightly cross over the center line and gradually swerve within the lane of traffic. (State's Exhibit 1).

suspended Appellant's driver's license for one year and placed him on two years of community control.

**{¶9}** Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO SUPPRESS.**

**{¶10}** In his sole assignment of error, Appellant argues the trial court erred in denying his motion to suppress. Appellant alleges the traffic stop was constitutionally invalid because Sergeant Dennison had neither reasonable suspicion to make the stop nor probable cause of a traffic violation.

**{¶11}** Although Appellant pled no contest to the charges against him, a plea of no contest does not waive a defendant's appeal from an adverse ruling on a motion to suppress. Crim.R. 12(I).

> Our standard of review with respect to a motion to suppress is first limited to determining whether the trial court's findings are supported by competent, credible evidence. *State v. Winand*, 116 Ohio App.3d 286, 288, 688 N.E.2d 9 (7th Dist.1996), citing *Tallmadge v. McCoy*, 96 Ohio App.3d 604, 608, 645 N.E.2d 802 (9th Dist.1994). Such a standard of review is appropriate as, "(i)n a hearing on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." *State v. Venham*, 96 Ohio App.3d 649, 653, 645 N.E.2d 831 (4th Dist.1994). An appellate court accepts the trial court's factual findings and relies upon the trial court's ability to assess the witness's credibility, but independently determines, without deference to the trial court, whether the trial court applied the appropriate legal standard. *State v. Rice*, 129 Ohio App.3d 91, 94, 717 N.E.2d 351 (7th Dist.1998). A trial court's decision on a motion to suppress will not be disturbed when it is supported by substantial credible evidence. *Id.*

*State v. Martin*, 7th Dist. Columbiana No. 18 CO 0033, 2020-Ohio-3579, ¶ 45.

{¶12} The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Fourth Amendment to the United States Constitution; *accord* Ohio Constitution, Article I, Section 14.

> There are two types of valid traffic stops: (1) where police have probable cause that a traffic violation has occurred or was occurring and (2) where police have reasonable articulable suspicion that criminal activity has occurred. *State v. Ward*, 7th Dist. Columbiana No. 10 CO 28, 2011-Ohio-3183, ¶ 35, citing *Dayton v. Erickson*, 76 Ohio St.3d 3, 11, 665 N.E.2d 1091 (1996); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

*State v. McMillon*, 7th Dist. Columbiana No. 18 CO 0016, 2019-Ohio-2716, ¶ 11.

{¶13} In order to make an investigatory stop of a vehicle, a law enforcement officer must have reasonable suspicion of criminal activity. *See State v. Bobo*, 37 Ohio St.3d 177, paragraph two of the syllabus (1988). "Even a minor traffic violation constitutes reasonable articulable suspicion." *State v. Leffler*, 7th Dist. Columbiana No. 18 CO 0032, 2019-Ohio-3964, ¶ 10.

{¶14} "'[W]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop.'" *McMillon, supra,* at ¶ 13, citing *Ward, supra*, at ¶ 35, quoting *Erickson, supra,* at 11.

{¶15} "Although the probable cause standard is a more stringent standard than reasonable suspicion, the two standards often exist together when a traffic stop is made." *Ward, supra*, at ¶ 37. "'(A)n officer who witnesses a traffic violation possesses probable

cause, and a reasonable articulable suspicion, to conduct a traffic stop.'" *Id.*, quoting *State v. Jenkins*, 3d Dist. Union No. 14-10-10, 2010-Ohio-5943, ¶ 12.

**{¶16}** The statute at issue, R.C. 4511.33, "Rules for driving in marked lanes," states:

> (A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

> (1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.

R.C. 4511.33(A)(1).

**{¶17}** In this case, Appellant questions the "as nearly as is practicable" language contained in the foregoing statute. Appellant stresses "[t]he real question in this case for the court to determine is if it is practicable for a citizen to barely cross over the center line when another vehicle turns its car around and speeds up to the rear of his/her vehicle at 2:14 in the morning on an empty road?" (10/3/2022 Appellant's Brief, p. 6).

**{¶18}** In support of Appellant's position that it was practicable for him to cross over the center line, he relies on this court's decision in *State v. Hodge*, 147 Ohio App.3d 550, 2002-Ohio-3053 (7th Dist.). In *Hodge*, this court discussed the definition of "practicable" using the "ordinary definition" and "common sense." *Id.* at ¶ 39. This court reasoned:

> In fact, if we were to insert the definition into the statute in place of the word "practicable," the statute would read:

> "(A) A vehicle or trackless trolley shall be driven, as nearly as is *performable, feasible, possible,* entirely within a single lane (* * *)."

When read in this context, the statute without question mandates drivers to maintain their vehicle within a lane without some kind of exigent circumstance forcing the vehicle operator to do otherwise.

(Emphasis sic) *Id.* at ¶ 39-41.

**{¶19}** This court explained:

The legislature did not intend for a motorist to be punished when road debris or a parked vehicle makes it necessary to travel outside the lane. Nor, we are quite certain, did the legislature intend this statute to punish motorists for traveling outside their lane to avoid striking a child or animal. We are equally certain the legislature did not intend the statute to give motorists the *option* of staying within the lane at their choosing. Common sense dictates that the statute is designed to keep travelers, both in vehicles and pedestrians, safe. The logical conclusion is that the legislature intended only special circumstances to be valid reasons to leave a lane, not mere inattentiveness or carelessness. To believe that the statute was intended to allow motorists the option of when they will or will not abide by the lane requirement is simply not reasonable.

(Emphasis sic) *Id.* at ¶ 43.

**{¶20}** This court found the defendant in *Hodge* "committed a readily apparent traffic violation [when] he left the lane in which he was traveling when it was practicable to stay within his own lane of travel." *Id.* at ¶ 50. This court concluded an investigatory stop was justified because the officer had a reasonable and articulable suspicion that a traffic violation occurred. *Id.* at ¶ 50-51.

**{¶21}** The Ohio Supreme Court in *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, adopted this court's reasoning in *Hodge. Id.* at ¶ 19. The Court in *Mays* held the trooper had a reasonable and articulable suspicion that the appellant violated R.C. 4511.33 because the trooper observed the appellant drift across the white fog line twice. *Id.* at ¶ 21. The Court examined the phrase, "as nearly as is practicable," finding that it "does not give the driver the option to remain within the lane markings; rather, the phrase

requires the driver to remain within the lane markings unless the driver cannot reasonably avoid straying." *Id.* at ¶ 18. Further, the Court held:

> R.C. 4511.33 does provide for certain circumstances in which a driver can cross a lane line without violating the statute. However, the question of whether [the] appellant might have a possible defense to a charge of violating R.C. 4511.33 is irrelevant in our analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop. An officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge.

*Id.* at ¶ 17.

**{¶22}** Here, Sergeant Dennison had both a reasonable suspicion and probable cause to justify the traffic stop due to the R.C. 4511.33(A)(1) traffic violation. *See Ward, supra,* at ¶ 37; *State v. Gay*, 7th Dist. Mahoning No. 20 MA 0085, 2021-Ohio-3308, ¶ 12. As stated, Sergeant Dennison observed Appellant's vehicle travel into the hazardous zone, swerve within the lane, and cross over the center line. (11/15/2021 Suppression Hearing Tr., p. 5-6). The traffic stop was constitutionally valid.

**{¶23}** Accordingly, the trial court did not err in denying Appellant's motion to suppress.

## CONCLUSION

**{¶24}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The judgment of the Columbiana County Municipal Court denying Appellant's motion to suppress following a hearing is affirmed.

Robb, J., concurs.

Hanni, J., concurs.

Case No. 22 CO 0026

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Columbiana County Municipal Court of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**